HATTIE LUCAS BRANCH v. CLARENCE BRANCH

No. 25

(Filed 11 October 1972)

1. **Constitutional Law § 4; Divorce and Alimony § 2— contested absolute divorce action — preservation of right to jury trial**

   Defendant's request for a jury trial in an absolute divorce action should be governed by former G.S. 50-10, in effect at the time he filed his answer, providing that request be made "prior to the call of the action for trial" rather than by Rule 38 of the Rules of Civil Procedure, providing that request be made within ten days after the service of the last pleading; consequently, by reason of his written request filed before trial but more than ten days after service of the last pleading, defendant was entitled to a jury trial.

2. **Divorce and Alimony § 1— contested divorce action — trial at criminal session — void judgment**

   Trial of a contested divorce action at a criminal session of district court over defendant's protest and in disregard of his motion for continuance for trial at a civil session rendered judgment in that action a nullity. G.S. 7A-49.2(a).

ON *certiorari* to review the decision of the Court of Appeals which affirmed a judgment entered by *Chief District Court Judge Maddrey* at the 4 August 1971 Criminal Session of the District Court of HALIFAX County.

Plaintiff-wife instituted this action for absolute divorce on 13 August 1970. Defendant-husband admitted plaintiff's allegations that they were married on 21 June 1951; that one child, Phyllis Anita Branch, age 12, was born to the marriage; and that defendant had been a resident of North Carolina for more than six months next preceding the institution of the action.

As ground for divorce, plaintiff alleged that she and defendant separated on 30 July 1969 and had lived separate and apart since that time. By answer, defendant *denied* these allegations.

At the request of plaintiff's counsel, the case was calendared for trial at the 4 August 1971 Criminal Session. It was then heard by Judge Maddrey, without a jury; and, based on evidence offered by plaintiff, the court answered the issues in her favor and entered a judgment of absolute divorce.

Neither defendant nor his counsel was present at the 4 August 1971 Criminal Session.

In apt time, defendant excepted to the judgment and gave notice of appeal. Appeal entries were signed by Judge Maddrey on 13 August 1971.

The Court of Appeals affirmed on the grounds (1) that defendant had failed to prepare and serve a case on appeal as required by G.S. 1-282, and (2) that it found no error on the face of the record proper. 14 N.C. App. 651, 188 S.E. 2d 528.

*James R. Walker, Jr., for defendant appellant.*

*No counsel for plaintiff appellee.*

BOBBITT, Chief Justice.

Although lacking in clarity, the assertions in defendant's notice of appeal that he had been denied his constitutional rights to due process and to a jury trial seem sufficient to entitle him to appeal as a matter of right under G.S. 7A-30(1). However, since all of the questions we deem appropriate for consideration may not involve constitutional rights, we have elected to treat and allow defendant's notice of appeal as a petition for *certiorari*.

Defendant does not contend that errors were committed during the progress of the trial. The error asserted by defendant is that the District Court undertook to try the case *without a jury* and undertook to do so *at a criminal session.*

"When the errors relied on by the appellant are presented by the record proper, no case on appeal is required." *Russos v. Bailey,* 228 N.C. 783, 784, 47 S.E. 2d 22, 23 (1948), and cases cited.

The record proper, certified by the Clerk of the Superior (District) Court of Halifax County, includes the following: Summons, showing personal service on defendant; Complaint; Answer; "Objections and Motion" filed by defendant on 3 August 1971; Judgment of Judge Maddrey dated 4 August 1971; Order of Judge Maddrey dated 4 August 1971 and filed 10 August 1971, overruling defendant's "Objections and Motion"; defendant's "Notice of Appeal" filed 11 August 1971; defendant's "Bill of Specific Exceptions" filed 13 August 1971; and "Appeal Entries" dated and filed on 13 August 1971.

The question for decision is whether error appears on the face of the record proper.

[1]   Provisions of the Constitution of North Carolina pertinent to the right of jury trial in civil actions are quoted below.

Art. I, § 25, provides: *"Right of jury trial in civil cases.* In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable."

Art. IV, § 13(2), contains this provision: "No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury."

Art. IV, § 14, provides: *"Waiver of jury trial.* In all issues of fact joined in any court, the parties in any civil case may waive the right to have the issues determined by a jury, in which case the finding of the judge upon the facts shall have the force and effect of a verdict by a jury."

When this action was instituted, G.S. 50-10 provided in pertinent part that "the right to have the facts determined by a jury shall be deemed to be waived in divorce actions based on a one year separation as set forth in G.S. 50-5 (4) or 50-6, where defendant has been personally served with summons . . . *unless such defendant, or the plaintiff, files a request for a jury trial with the clerk of the court in which the action is pending, prior to the call of the action for trial."* (Our italics.) Under the italicized provisions, defendant was entitled to a jury trial upon filing a request therefor with the clerk prior to the call of the action for trial. Defendant's explicit request for a jury trial was filed with the clerk on 3 August 1971.

The judgment signed by Judge Maddrey contains this recital: ". . . and it further appearing to the Court and the Court finding that neither the defendant nor the plaintiff has filed a request for a jury trial with the Clerk of the Superior Court of Halifax County prior to the time this action was called for trial and that the parties have waived their respective rights to have the facts determined by a jury. . . ." Defendant's demand that "the call and trial of the action be had at a regular Civil Session of the District Court before a jury," set forth in the "Objections and Motion" filed by defendant on 3 August 1971, contradicts and negates this recital.

Defendant had and has a right to a jury trial unless he has waived his right thereto by his failure to demand a trial

by a jury *at the time and in the manner* prescribed by Rule 38(b) of the Rules of Civil Procedure.

G.S. 50-10 was rewritten by Chapter 17, Session Laws of 1971, effective from its ratification on 19 February 1971. In rewriting G.S. 50-10, the General Assembly deleted the italicized words quoted above and substituted therefor the following: ". . . unless such defendant, or the plaintiff, files a demand for a jury trial with the clerk of the court in which the action is pending, as provided in the Rules of Civil Procedure."

The Rules of Civil Procedure, G.S. 1A-1, went into effect on 1 January 1970. *Schoolfield v. Collins,* 281 N.C. 604, 617, 189 S.E. 2d 208, 216 (1972).

Rule 1 provides: "These rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature *except when a differing procedure is prescribed by statute."* (Our italics.) When this action was commenced, and thereafter until 19 February 1971, G.S. 50-10 prescribed the time and manner for requesting a trial by jury in a contested divorce action based on a one year separation.

Rule 38, entitled "Jury trial of right," provides:

"(a) *Right preserved.*—The right of trial by jury as declared by the Constitution or statutes of North Carolina shall be preserved to the parties inviolate.

"(b) *Demand.*—Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be made in the pleading of the party or endorsed on the pleading.

"(c) *Demand—specification of issues.*—In his demand a party may specify the issues which he wishes so tried; otherwise, he shall be deemed to have demanded trial by jury for all the issues so triable. If a party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the last pleading directed to such issues or within 10 days after service of the demand, whichever is later, or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues in the action.

"(d) *Waiver*.—Except in actions wherein jury trial cannot be waived, the failure of a party to serve a demand as required by this rule and file it as required by Rule 5 (d) constitutes a waiver by him of trial by jury. A demand for trial by jury as herein provided may not be withdrawn without the consent of the parties who have pleaded or otherwise appear in the action."

The answer, the last pleading, was filed 24 August 1970, nearly six months prior to the 1971 amendment of G.S. 50-10. The 1971 amendment contains no reference to pending actions. On and after 19 February 1971, the effective date of the 1971 amendment, it was impossible for defendant to demand a jury trial "as provided in the Rules of Civil Procedure." Mindful of the constitutional limitation stated in Art. IV, § 13(2), and the legislative intent expressed in Rule 38(a), we hold that the 1971 amendment did not nullify the right to request a jury trial "prior to the call of the action for trial" conferred by G.S. 50-10 at the time defendant filed his answer. Consequently, by reason of his written request therefor filed 3 August 1971, the defendant was and is entitled to a jury trial on the issues raised by the pleadings.

[2] Moreover, in the absence of defendant's consent, the District Court had no authority to try this contested civil action for absolute divorce at a criminal session.

G.S. 7A-49.2(a) provides: "At criminal sessions of court, motions in civil actions may be heard upon due notice, and trials in civil actions may be heard *by consent of parties*. Motions for confirmation or rejection of referees' reports may also be heard upon ten days' notice and judgment may be entered on such reports. The court may also enter consent orders and consent judgments, and try *uncontested* civil actions and *uncontested* divorce cases." (Our italics.) The purported trial of this contested divorce action was a nullity. It was conducted over defendant's protest and in disregard of his motion for continuance for trial at a civil session.

It is noted that plaintiff has not been represented by counsel in connection with defendant's appeal to the Court of Appeals or in connection with his appeal to this Court.

The decision of the Court of Appeals is reversed; the judgment of absolute divorce entered at the 4 August 1971 Criminal

Session is vacated; the cause is remanded to the Court of Appeals with direction that it remand the case to the District Court of Halifax County for trial by a jury at a civil session of that court.

Reversed and remanded.