Laws v. Laws

WESLEY LAWS, JR. v. THELMA P. LAWS

No. 7427DC489

(Filed 3 July 1974)

Constitutional Law § 4; Divorce and Alimony § 2— absolute divorce action — time for demanding jury trial

Defendant's request for a jury trial should be governed by former G.S. 50-10, in effect at the time the action was commenced, providing that request be made "prior to the call of the action for trial" rather than by Rule 38 of the Rules of Civil Procedure, providing that request be made "not later than ten days after the

service of the last pleading"; therefore, defendant is entitled to trial by jury where she made her request on 12 December 1973 and the cause was tried on 13 December 1973.

APPEAL by defendant from *Harris, (A. Max), District Court Judge,* 24 December 1973 Session of District Court held in GASTON *County.*

On 21 October 1969, plaintiff Wesley Laws, Jr., filed an action for absolute divorce from his wife defendant Thelma P. Laws, alleging he and defendant had been separated for one year. In her answer, filed on 21 November 1969, defendant plead abandonment as a bar to plaintiff's action. In January 1972, the case was placed on the inactive docket where it remained until October 1973, when it was again placed on the active calendar. The cause was tried on 13 December 1973. Defendant moved for a jury trial on 12 December 1973. Concluding that defendant waived her right to a jury trial by not filing a timely request, the court denied the motion.

After hearing the evidence, the court entered judgment for plaintiff.

*Whitesides and Robinson by Henry M. Whitesides for plaintiff appellee.*

*Daniel J. Walton for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court erred in denying defendant's motion for a jury trial.

In 1969, when this action was commenced, the parties, by virtue of G.S. 50-10, waived their right to a jury trial in absolute divorce actions based on a one-year separation unless a party filed "a request for a jury trial with the clerk of the court in which the action [was] pending, *prior to the call of the action for trial.*" (Emphasis added.) As a result of an amendment, effective 11 May 1973, G.S. 50-10 now provides that "[t]he determination of whether there is to be a jury trial . . . shall be made *in accordance with G.S. 1A-1, Rules 38 and 39.*" (Emphasis added.) G.S. 1A-1, Rule 38 requires a party to serve a demand for a jury trial upon the other party "at any time after the commencement of the action and not later than 10 days after the service of the last pleading. . . . "

In *Branch v. Branch,* 282 N.C. 133, 191 S.E. 2d 671, the Supreme Court was confronted with a case somewhat similar to this one. There, the issue was the effect of a 1971 amendment to G.S. 50-10 which provided that the right to a jury trial in actions for divorce after a one-year separation was not preserved unless one of the parties filed "a demand for a jury trial with the clerk of court in which the action is pending, as provided in the *Rules of Civil Procedure."* (Emphasis added.) The Court held, in effect, that the 1971 amendment to G.S. 50-10 did not alter the procedure for securing a jury trial in actions for absolute divorce after a one-year separation where an answer had been filed at least 10 days prior to the effective date of the amendment. The court said "on and after 19 February, 1971, the effective date of the 1971 amendment, it was impossible for defendant to demand a jury trial 'as provided in the Rules of Civil Procedure.' "

The substance of the 1973 amendment to G.S. 50-10 is very similar to that of the 1971 amendment, and the defendant in this case like the defendant in *Branch* filed an answer more than 10 days before the effective date of the amendment involved. For the reasons stated in *Branch,* the judgment is reversed and the case is remanded for trial by jury.

Reversed and remanded.

Judges MORRIS and BALEY concur.