IN THE MATTER OF THE SUMMONS ISSUED TO ERNST & YOUNG, LLP AND ALL
SUBSIDIARIES, AFFILIATED AND ASSOCIATED ENTITIES

No. 424PA08

(Filed 9 October 2009)

**Taxation— summons from Secretary of Revenue for infor-
mation—enforcement—Rules of Civil Procedure not
applicable**

The Rules of Civil Procedure do not apply to summons
enforcement proceedings under N.C.G.S. § 105-258(a) because
that statute prescribes a civil proceeding with its own specialized
procedure that supplants the Rules.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unani-
mous decision of the Court of Appeals, 191 N.C. App. 668, 663 S.E.2d
921 (2008), affirming an order denying a motion to dismiss entered on
21 June 2007 and remanding an order to comply entered on 15 June
2007, both by Judge Donald W. Stephens in Superior Court, Wake
County. On 5 February 2009, the Supreme Court allowed intervenor's
conditional petition for discretionary review as to additional issues.
Heard in the Supreme Court 5 May 2009.

*Roy Cooper, Attorney General, by Gregory P. Roney, Assistant
Attorney General, for petitioner-appellant/appellee Secretary of
the North Carolina Department of Revenue.*

*Alston & Bird LLP, by Jasper L. Cummings, Jr., for intervenor-
appellee/appellant Wal-Mart Stores, Inc.*

TIMMONS-GOODSON, Justice.

The dispositive issue in this appeal is whether the Rules of Civil
Procedure apply to summons enforcement proceedings under
N.C.G.S. § 105-258(a). We hold that the Rules of Civil Procedure do
not apply to such proceedings, and we therefore modify, affirm in
part, and remand the decision of the Court of Appeals.

## I. Background

Beginning in 1995 Ernst & Young, LLP ("Ernst & Young"), a global
professional-services firm, sold to Wal-Mart Stores, Inc. ("Wal-Mart")
a number of tax shelters designed to reduce Wal-Mart's income tax

**IN RE SUMMONS OF ERNST & YOUNG**

[363 N.C. 612 (2009)]

liability to various states, including North Carolina. In 1996, with the assistance of Ernst & Young, Wal-Mart underwent corporate restructuring to implement these tax shelters and placed substantially all of its real estate interests in real estate investment trusts ("REITs"). In 2001 Ernst & Young assisted Wal-Mart in restructuring to implement additional tax shelters.

On 6 February 2007, pursuant to N.C.G.S. § 105-258,[1] the Secretary of Revenue ("the Secretary") issued a summons directing a representative of Ernst & Young to appear before the Secretary or his designee to provide testimony under oath and produce books, papers, records, and other data relevant to the Secretary's inquiry regarding Wal-Mart. The Secretary requested, *inter alia*, the following: (1) all documents regarding the creation or existence of certain subsidiaries and affiliated companies, including certain REITs; (2) all documents created between 1 January 1990 and 31 December 2000 "which either are not directed to a specific client or involve Wal[-]Mart discussing the . . . tax savings of [REITs], regulated investment companies, trusts, and/or holding companies owning trusts"; and (3) all documents created between 1 January 1990 and 31 January 2005 relating to "the creation, elimination, and/or restructuring of entities within Wal[-]Mart . . . that would produce federal and/or state tax savings." The summons also directed that if Ernst & Young withheld any documents on the basis of a claim of privilege, Ernst & Young must provide a complete list of documents withheld and a statement of the grounds upon which each document was considered privileged.

---

1. Section 105-258 states in pertinent part:

(a) Secretary May Examine Data and Summon Persons.—The Secretary of Revenue, for the purpose of . . . determining the liability of any person for a tax, or collecting any such tax, shall have the power to examine . . . any books, papers, records, or other data which may be relevant or material to such inquiry, and the Secretary may summon the person liable for the tax . . . or any person having possession, custody, care or control of books of account containing entries relevant or material to the income and expenditures of the person liable for the tax . . . to appear before the Secretary, or his agent, at a time and place named in the summons, and to produce such books, papers, records or other data, and to give such testimony under oath as may be relevant or material to such inquiry . . . . If any person so summoned refuses to obey such summons or to give testimony when summoned, the Secretary may apply to the Superior Court of Wake County for an order requiring such person or persons to comply with the summons of the Secretary, and the failure to comply with such court order shall be punished as for contempt.

N.C.G.S. § 105-258(a) (2007).

IN RE SUMMONS OF ERNST & YOUNG

[363 N.C. 612 (2009)]

Although it partially complied with the summons, Ernst & Young withheld thousands of pages of documents. Moreover, Ernst & Young produced an incomplete list of the withheld documents, asserting only that the withheld documents were "work product."

On 11 April 2007, the Secretary filed in the Superior Court, Wake County, a verified "Application for an Order for the Production of Certain Books, Papers, Records, and Other Data" ("the application"). The Secretary sought a court order compelling Ernst & Young to withdraw all objections and fully comply with the summons. The Secretary asserted that Ernst & Young and Wal-Mart failed "to establish the applicability of the work product privilege" to the withheld documents and therefore waived the privilege. In the alternative, the Secretary sought a court order directing Ernst & Young "to produce a complete and detailed privilege log for all of its withheld documents" and an *in camera* review by the court of the withheld documents to determine the applicability of the work product privilege.

On 11 April 2007, the superior court, Judge Donald W. Stephens presiding, conducted a hearing on the Secretary's application. By an order dated 30 April 2007, the superior court continued the matter until 5 June 2007 and directed the Secretary to give Wal-Mart and its subsidiaries notice of the upcoming hearing. The court ordered Wal-Mart to deliver a complete list of the withheld documents to the Secretary and to support any asserted privileges with details sufficient for the court to evaluate the claims.

On 4 May 2007, Wal-Mart filed motions to intervene and to dismiss the application for failure to comply with the North Carolina Rules of Civil Procedure.[2] Wal-Mart argued that the Secretary violated the Rules of Civil Procedure "in multiple respects, including: (1) fail[ing] to . . . fil[e] a complaint; (2) fail[ing] to identify and serve process upon defending parties; (3) fail[ing] to provide defending parties with an opportunity to answer a complaint; and (4) fail[ing] to provide a mechanism for discovery and proper issue development." Wal-Mart also sought dismissal for failure to state a claim under Rule 12(b)(6). Wal-Mart argued that the Rules of Civil Procedure apply to summons enforcement proceedings and that application of the Rules of Civil Procedure was "the only way to assert its due process rights under the North Carolina and United States

---

2. While Wal-Mart's 4 May 2007 motion referenced only Rule 12(b)(6), in a 5 June 2007 filing, Wal-Mart clarified that its motion was based on subdivisions (1), (2), (4), (5), and (6) of Rule 12(b).

Constitutions." On 23 May 2007, Wal-Mart filed a brief in support of its work product privilege claim.

Although the superior court allowed Wal-Mart's motion to intervene on 6 June 2007, the court denied Wal-Mart's motion to dismiss pursuant to subdivisions (1), (2), (4), (5), and (6) of Rule 12(b). By order dated 14 June 2007, the superior court rejected Wal-Mart's work product privilege claim and ordered Ernst & Young to comply fully with the summons within thirty days of the order. The superior court stayed execution of the order on the condition that Ernst & Young deposit the contested documents under seal. On 2 July 2007, Wal-Mart filed its notice of appeal.

The Court of Appeals affirmed the trial court's order denying Wal-Mart's motion to dismiss and remanded the trial court's order rejecting Wal-Mart's work product claim. *In re Summons Issued to Ernst & Young, LLP,* 191 N.C. App. 668, ——, 663 S.E.2d 921, 929 (2008). With regard to Wal-Mart's motion to dismiss, the Court of Appeals opined that summons enforcement proceedings under N.C.G.S. § 105-258(a) are civil actions and are therefore subject to the Rules of Civil Procedure. *Id.* at ——, 663 S.E.2d at 926. However, because N.C.G.S. § 105-258(a) confers jurisdiction on the superior court upon application by the Secretary, the Court of Appeals concluded that the Secretary's failure to file and serve a complaint by civil process was a non-jurisdictional defect and did not warrant dismissal. *Id.* at ——, 663 S.E.2d at 927. Further, because the application contained facts sufficient to inform Ernst & Young of the nature of the claim, the Court of Appeals determined that the application stated a claim for relief. *Id.* at ——, 663 S.E.2d at 928.

With regard to Wal-Mart's work product privilege claim, the Court of Appeals concluded that it was unclear from the record on appeal whether the withheld documents were created in anticipation of litigation. *Id.* at ——, 663 S.E.2d at 929. Consequently, the Court of Appeals remanded for the trial court to review the documents *in camera. Id.* On 5 February 2009, we allowed the Secretary's petition for discretionary review to determine whether the Rules of Civil Procedure apply to summons enforcement proceedings under N.C.G.S. § 105-258(a) and Wal-Mart's conditional petition for discretionary review to determine whether the Court of Appeals erred in failing to dismiss the Secretary's application pursuant to Rule 12(b).

## II. Analysis

On appeal, the Secretary argues that the Court of Appeals erred in holding that the Rules of Civil Procedure apply to summons enforcement proceedings under N.C.G.S. § 105-258(a). According to the Secretary, N.C.G.S. § 105-258(a) establishes an expedited procedure for summons enforcement proceedings and gives the superior court jurisdiction to take any actions reasonably necessary to adjudicate summons enforcement applications. In its response, Wal-Mart contends that the Rules of Civil Procedure apply to summons enforcement proceedings under N.C.G.S. § 105-258(a), because the statute does not prescribe "a 'differing procedure' that completely replaces" the Rules of Civil Procedure.

Questions of statutory interpretation are ultimately questions of law for the courts and are reviewed de novo. *Brown v. Flowe*, 349 N.C. 520, 523, 507 S.E.2d 894, 896 (1998) (citing *Wood v. J.P. Stevens & Co.*, 297 N.C. 636, 642, 256 S.E.2d 692, 696 (1979)). "The primary rule of construction of a statute is to ascertain the intent of the legislature and to carry out such intention to the fullest extent." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 137 (1990) (citing *Buck v. U.S. Fid. & Guar. Co.*, 265 N.C. 285, 290, 144 S.E.2d 34, 37 (1965)).

> In interpreting a statute, we first look to the plain meaning of the statute. Where the language of a statute is clear, the courts must give the statute its plain meaning; however, where the statute is ambiguous or unclear as to its meaning, the courts must interpret the statute to give effect to the legislative intent.

*Frye Reg'l Med. Ctr., Inc. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) (citations omitted).

With these principles of statutory interpretation in mind, we address whether the Rules of Civil Procedure apply to summons enforcement proceedings under N.C.G.S. § 105-258(a). As set forth in Rule 1, the Rules of Civil Procedure apply "in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." N.C.G.S. § 1A-1, Rule 1 (2007). When the legislature has prescribed specialized procedures to govern a particular proceeding, the Rules of Civil Procedure do not apply. *See id.* § 1A-1, Rule 1; *see also id.* Rule 1 cmt. (2007) ("In general it can be said that to the extent a specialized procedure has heretofore governed, it will continue to do so."). Thus, the dispositive question on this appeal is whether N.C.G.S. § 105-258(a) prescribes a specialized procedure.

On its face, N.C.G.S. § 105-258(a) sets forth the following three-step procedure for summons enforcement proceedings: (1) upon a person's failure to obey a summons, the Secretary applies to the Superior Court, Wake County, for an order requiring compliance; (2) upon a satisfactory showing by the Secretary of a failure to obey the summons, the court issues an order directing the person summoned to comply; and (3) the failure to comply is punishable as for contempt. *Id. § 105-258(a)*. In filing an application for the enforcement of an administrative summons, the Secretary seeks merely to question persons and examine records in the course of an investigation. The Secretary's inquiry does not involve filing a civil complaint or otherwise initiating a civil action as defined in the General Statutes governing civil procedure. *See id.* § 1-2. Indeed, it is only after conducting the investigation that the Secretary is able to identify any violations of the tax laws, as well as the persons potentially liable for such violations, and determine whether to pursue civil or criminal penalties. *See id.* §§ 105-236(c) & -236.1(b) (2007) (vesting the Secretary with authority to make civil assessments and issue notices, orders, warrants or demands in criminal law enforcement proceedings).

Notably, the task before the court in a summons enforcement proceeding is summary in nature and relatively uncomplicated. The court does not extensively weigh or resolve any significant conflicts in the evidence. Furthermore, the statute expressly gives the Superior Court of Wake County jurisdiction over summons enforcement proceedings. *Id.* Pursuant to this express grant of jurisdiction, the superior court has the inherent authority to take all actions reasonably necessary to properly administer its duties under N.C.G.S. § 105-258(a). *In re Investigation of Death of Miller*, 357 N.C. 316, 321-22, 584 S.E.2d 772, 778-79 (2003) (" '[I]t has been long held that courts have the inherent power to assume jurisdiction and issue necessary process in order to fulfill their assigned mission of administering justice efficiently and promptly.' " (quoting *In re Albemarle Mental Health Ctr.*, 42 N.C. App. 292, 296, 256 S.E.2d 818, 821 (1979), *disc. rev. denied*, 298 N.C. 297, 259 S.E.2d 298 (1979))). Thus, in rare instances such as the case at bar, the court may rely on its inherent authority to give third parties notice and an opportunity to assert privileges. Accordingly, we conclude that section 105-258(a) prescribes a "proceeding[] of a civil nature" with its own specialized procedure. N.C.G.S. § 1A-1, Rule 1 (2007). This self-contained, specialized procedure supplants the Rules of Civil Procedure.

Engrafting the Rules of Civil Procedure onto N.C.G.S. § 105-258(a) would eviscerate the statute's function. Since the enactment of North Carolina's first income tax laws in 1921, the legislature has expressly authorized the Secretary to take testimony under oath and examine books and records to ensure compliance with the revenue laws. Act of Mar. 8, 1921, ch. 34, sec. 801, 1921 N.C. Sess. Laws 147, 221 (authorizing the Tax Commission to examine books and papers, require attendance of persons, take testimony and administer oaths, and designate "any agent or representative" to conduct such examinations). The procedures for summons enforcement predate enactment of the Rules of Civil Procedure and have remained essentially unchanged for fifty years. These specialized procedures are vital to the effectiveness of the Secretary's summons power. Act of June 27, 1967, ch. 954, sec. 1, 1967 N.C. Sess. Laws 1274 (enacting the North Carolina Rules of Civil Procedure); Act of 1959 Amending and Supplementing "The Revenue Act," being Subchapter 1 of Chapter 105 of the General Statutes, ch. 1259, sec. 8A, 1959 N.C. Sess. Laws 1416, 1452 (rewriting N.C.G.S. § 105-258(a) to include the summons enforcement proceeding). In describing the authority of the Commissioner of Internal Revenue under a similar federal statute, the United States Supreme Court has stated that the summons power is

> "a power of inquisition . . . which is not derived from the judicial function. It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."

*United States v. Powell,* 379 U.S. 48, 57, 13 L. Ed. 2d 112, 119 (1964) (quoting *United States v. Morton Salt Co.,* 338 U.S. 632, 642-43, 94 L. Ed. 401, 411 (1950)). This description applies with equal force to the Secretary's summons power under N.C.G.S. § 105-258(a).

Furthermore, applying the Rules of Civil Procedure to summons enforcement proceedings under N.C.G.S. § 105-258(a) would all but eliminate the Secretary's use of that power. At the earliest possible juncture, the investigative phase, the Secretary would be required to file a complaint and serve process under Rule 4; plead matters with sufficient particularity to survive a Rule 12(b)(6) motion to dismiss; join necessary parties pursuant to Rule 19; and be subject to the deposition and discovery provisions of Article 5. *See* N.C.G.S. § 1A-1, Rules 4, 12(b)(6), 19, 26-37 (2007). Notably, while the Secretary is

## IN RE SUMMONS OF ERNST & YOUNG

[363 N.C. 612 (2009)]

entangled in protracted procedural litigation for the purpose of merely conducting the investigation, the applicable statutes of limitations would continue to run. *See id.* § 105-241.8(a) (2007) (stating that the statute of limitations for proposing an assessment is three years); *id.* § 105-241.9(b) (2007) ("The Secretary must propose an assessment within the statute of limitations for proposed assessments unless the taxpayer waives the limitations period in writing."). We therefore hold that the Rules of Civil Procedure do not apply to summons enforcement proceedings under N.C.G.S. § 105-258(a).

In concluding to the contrary, the Court of Appeals relied in part on N.C.G.S. § 105-246, which states that "[a]ll actions or processes brought . . . under provisions of this Subchapter[] shall have precedence over any other civil causes pending in such courts, and the courts shall always be deemed open for trial of any such action or proceeding brought therein." *Id.* § 105-246 (2007); *In re Ernst & Young*, 191 N.C. App. at ——, 663 S.E.2d at 926. The Court of Appeals misapprehended N.C.G.S. § 105-246 in holding that all actions or processes under Subchapter I of Chapter 105 are civil actions. *In re Ernst & Young*, 191 N.C. App. at ——, 663 S.E.2d at 926. Subchapter I encompasses criminal actions, civil actions, and special proceedings. *See, e.g.,* N.C.G.S. § 105-236(a)(7)-(10b) (providing criminal penalties for violations of Subchapter I). When interpreting a statute, " '[i]ndividual expressions must be construed as a part of the composite whole and be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit.' " *State v. Buckner*, 351 N.C. 401, 408, 527 S.E.2d 307, 311 (2000) (quoting *State v. Tew*, 326 N.C. 732, 739, 392 S.E.2d 603, 607 (1990)). Section 105-246, which was first enacted nearly thirty years before the Rules of Civil Procedure, provides merely that revenue actions have priority over other matters.

The Court of Appeals also analogized to federal law, under which the Federal Rules of Civil Procedure apply to I.R.S. summons enforcement proceedings. *In re Ernst & Young*, 191 N.C. App. at ——, 663 S.E.2d at 926-27 (citing *Powell*, 379 U.S. at 58 n.18, 13 L. Ed. 2d at 119 n.18). However, Federal Rule 81 expressly states that the Federal Rules of Civil Procedure apply to federal summons enforcement proceedings. Fed. R. Civ. P. 81(a)(5). In contrast, North Carolina's Rules of Civil Procedure, which were modeled after the Federal Rules, *Sutton v. Duke*, 277 N.C. 94, 99, 176 S.E.2d 161, 164 (1970), contain no similar provision. Because "changes in words and phrasing in a statute adopted from another state or country will be presumed

deliberately made with the purpose to limit . . . the adopted rule," *id.* at 101, 176 S.E.2d at 165, the Court of Appeals erred in relying on federal law for its holding.

In sum, we hold that N.C.G.S. § 105-258(a) establishes a proceeding of a civil nature with its own specialized procedure that supplants the Rules of Civil Procedure. Although the Court of Appeals erred in holding to the contrary, it correctly affirmed the order of the trial court denying Wal-Mart's motion to dismiss. Accordingly, we modify and affirm the decision of the Court of Appeals as to this matter. The decision of the Court of Appeals remanding the trial court's order to comply with the administrative summons for an in camera review of the documents at issue is not before this Court and therefore remains undisturbed. This case is remanded to the Court of Appeals for further remand to the Superior Court, Wake County, for additional proceedings not inconsistent with this opinion.

MODIFIED AND AFFIRMED IN PART AND REMANDED.