KATHY DAYTON, Plaintiff v. DOUGLAS EUGENE DAYTON and BALTIMORE LIFE
INSURANCE COMPANY, Defendants

No. COA11-1216

(Filed 15 May 2012)

**Insurance—life insurance policy—plaintiff's decedent
declared dead—proceeds distributed—no error**

The trial court did not err in a life insurance proceeds case by
denying defendant's motion to amend an order for distribution of
insurance proceeds or, in the alternative, by failing to grant
defendant's motion to deny the existence of coverage under
N.C.G.S. § 28C-18(b). The trial court's 22 December 2010 decree
was made pursuant to N.C.G.S. § 28C-11(a) and N.C.G.S. § 28C-18
was not relevant. The 22 December 2010 order was not interlocu-
tory and defendant failed to appeal from that order.

Appeal by defendant Baltimore Life Insurance Company from
order entered 5 April 2011 by Judge A. Moses Massey in Superior
Court, Ashe County. Heard in the Court of Appeals 9 February 2012.

*Walker & DiVenere, by Tamara C. DiVenere and Anne C.
Wright, for plaintiff-appellee.*

*Bradley Arant Boult Cummings LLP, by Christian W. Hancock
and Jason A. Walters, for defendant-appellant Baltimore Life
Insurance Company.*

STROUD, Judge.

Baltimore Life Insurance Company ("defendant") appeals from
the trial court's order denying its motion to amend the order for dis-
tribution of insurance proceeds or, in the alternative, for the issuance
of an order denying the existence of coverage under N.C. Gen. Stat.
§ 28C-18(b). For the following reasons, we affirm the trial court's order.

I. Background

On 7 January 2010, Kathy Dayton ("plaintiff") brought an action
pursuant to N.C. Gen. Stat. § 28C-2 to be appointed as receiver of the
estate of Douglas Eugene Dayton ("Mr. Dayton"); for a declaration
that Mr. Dayton, a missing person, had died; and for payment of insur-
ance proceeds pursuant to N.C. Gen. Stat. § 28C-14. The verified com-
plaint alleged that plaintiff was Mr. Dayton's mother; Mr. Dayton had
not been seen or heard from by plaintiff or anyone else since June of

2004; Mr. Dayton owned no real or personal property; Mr. Dayton was a policyholder of a Baltimore Life Insurance Policy; Mr. Dayton was not married and had no children; "under the application of North Carolina law of intestate succession[,]" plaintiff would be Mr. Dayton's only beneficiary; and plaintiff wished to be made temporary and permanent receiver of Mr. Dayton's estate. Included with the complaint was a copy of the life insurance policy which provided for a $50,000 benefit payable in the event of death and an accidental death and dismemberment benefit of $100,000 payable only if Mr. Dayton suffered an injury and sustained a loss ("the AD&D benefit").[1] Subsequently, a guardian *ad litem* was appointed to represent the interests of Mr. Dayton. On 16 April 2010, plaintiff amended her complaint to add defendant Baltimore Life Insurance Company as a party. By order dated 4 October 2010, the trial court appointed plaintiff as permanent receiver for Mr. Dayton's estate. On 8 November 2010, plaintiff filed a "motion for final findings and decree and distribution of insurance proceeds[,]" requesting that Mr. Dayton "be declared dead by reason of accident and that entry of a Death Certificate be ordered showing the same[,]" and that plaintiff be paid the proceeds from Mr. Dayton's life insurance policy pursuant to N.C. Gen. Stat. § 28C-14.[2] On or about 22 December 2010, the trial court entered its "decree of death and order for distribution of insurance proceeds[,]" decreeing that Mr. Dayton was dead; his death was to be declared by "an accidental death[,]" and ordering the proceeds from the life insurance policy be distributed to plaintiff as receiver of the estate of Mr. Dayton in the amount of $100,000. On or about 31 January 2011, defendant filed its answer to plaintiff's amended complaint, denying most of plaintiff's allegations and "demand[ing] strict proof thereof." Defendant also raised the following affirmative defenses: 1. Plaintiff was not entitled to the AD&D benefit under the policy "because there is no evidence that the insured's death satisfied the terms of the Policy for such coverage[;]" 2. Plaintiff did not satisfy the requirements of N.C. Gen. Stat. § 28C in order to obtain the distribution of the AD&D benefit; 3. Plaintiff is barred from obtaining a declaration of death satisfying the conditions for AD&D coverage because she did not make a demand in her amended complaint; and 4. Pursuant to

1. Plaintiff was listed in the policy as the only beneficiary.

2. On or about 9 December 2010, the guardian *ad litem* filed an answer admitting all of plaintiff's allegations and requesting the Court to "award Plaintiff's requested relief as doing so will not substantially injure or impair any rights of Defendant in his current position." The guardian *ad litem*, on behalf of defendant Mr. Dayton, is not a party to this appeal.

N.C. Gen. Stat. § 28C-18, defendant's answer was to be considered a "supplemental pleading[]" and the court should amend its order based on the answer to declare that plaintiff was not entitled to the AD&D coverage. Defendant subsequently filed a motion requesting that the trial court amend its 22 December 2010 order to declare that plaintiff is not entitled to the AD&D benefit under the policy or, in the alternative, the trial court should enter a separate order pursuant to N.C. Gen. Stat. § 28C-18(b) declaring that plaintiff was not entitled to the AD&D benefit. On or about 1 March 2011, plaintiff filed a reply to defendant's motion, arguing that the motion is barred by the doctrine of collateral estoppel. The trial court entered an order on 5 April 2011 denying defendant's motions and concluding that

> 1. Defendant had other, more appropriate remedies, available to challenge the Decree of Death and Order for Distribution of Proceeds of which it did not avail itself.
>
> 2. Particularly, Defendant did not move to amend the judgment at issue within 10 days after the entry of judgment nor did Defendant exercise its right to appeal.
>
> 3. The Decree of Death and Order for Distribution of Proceeds previously entered in this matter is binding on all parties and dispositive on all issues.

Defendant appeals from this order.

## II. Arguments

Defendant argues that the trial court erred in its 4 April 2011 order by not following the procedures set forth in N.C. Gen. Stat. § 28C-18 and by not considering the merits of its answer and motion to amend. Defendant argues that the trial court's 22 December 2010 order declaring that Mr. Dayton was dead and that his death was by accident and ordering payment of the insurance proceeds was the first step prescribed by N.C. Gen. Stat. § 28C-18(a) and pursuant to N.C. Gen. Stat. § 28C-18(b), it filed its "supplemental pleadings" in the form of its answer and motion. Defendant contends that the trial court erred by its failure to amend its order or to execute a new order to "determine all issues arising upon the pleadings" as required by N.C. Gen. Stat. § 28C-18(b). Defendant further argues that the trial court erred in its conclusion that defendant failed to appeal the 22 December 2010 order as that order was interlocutory, according to the procedures in N.C. Gen. Stat. § 28C-18, and not subject to immediate appeal. Defendant further argues that plaintiff's collateral

estoppel argument is not valid because the 22 December 2010 order was not a final judgment or order.

Plaintiff counters that the trial court did not err in denying defendant's motion, as the 22 December 2010 order, by operation of Chapter 28C of our General Statutes, was a final order. Plaintiff argues that the trial court's 22 December 2010 order is a final order because of the mandates in N.C. Gen Stat. §§ 28C-11 and 28C-12 which state that the trial court could only make its determination regarding the death of Mr. Dayton and proceed no further. Plaintiff further contends that the trial court properly denied defendant's motion because defendant failed to challenge this final order by filing a motion prior to the order, a timely answer, a timely Rule 59 motion to amend, or a timely appeal. Plaintiff further disputes defendant's interpretation of N.C. Gen. Stat. § 28C-18 arguing that subsection (b) does not say that an insurer must be ordered to pay insurance proceeds before the insurer refuses payment, as refusal could be raised in an answer or supplemental answer before the order was entered. Plaintiff concludes that "[t]he relief requested by [defendant] is barred by the doctrine of collateral estoppel[,]" because the 22 December 2010 decree was a final order.

We note that although neither party appealed from the 22 December 2010 order, we must examine this order to determine whether the trial court's subsequent 4 April 2011 order was correct. Based on the parties' substantive arguments, we look to the procedures in Chapter 28C to determine whether the 22 December 2010 order was an interlocutory order or a final order. "Questions of statutory interpretation are ultimately questions of law for the courts and are reviewed *de novo.*" *In re Ernst & Young, LLP*, 363 N.C. 612, 616, 684 S.E.2d 151, 154 (2009) (citation omitted and emphasis added).

### III. The 22 December 2010 order

This Court has noted that "[a]s a general rule, a party may properly appeal only from a final order, which disposes of all the issues as to all parties[.]" *Honeycutt v. Honeycutt*, ___ N.C. App. ___, ___, 701 S.E.2d 689, 693 (2010) (citation omitted). We have further stated that

> [a]n order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. There is generally no right to appeal an interlocutory order.

> An interlocutory order is subject to immediate appeal only if (1) the order is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to Rule 54(b) of the Rules of Civil Procedure, or (2) the trial court's decision deprives the appellant of a substantial right that will be lost absent immediate review.

*Arrington v. Martinez*, ___ N.C. App. ___, ___, 716 S.E.2d 410, 413 (2011) (citation omitted). To address the parties' arguments, we also look to the rules of statutory interpretation:

> "Statutory interpretation begins with [t]he cardinal principle of statutory construction . . . that the intent of the legislature is controlling. In ascertaining the legislative intent, courts should consider the language of the statute, the spirit of the statute, and what it seeks to accomplish." *Benton v. Hanford*, 195 N.C. App. 88, 92, 671 S.E.2d 31, 34 (2009) (citation and quotation marks omitted). "Where the statutory language is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language." *In re Nantz*, 177 N.C. App. 33, 40, 627 S.E.2d 665, 670 (2006) (citation and quotation marks omitted). "If the language is ambiguous or unclear, the reviewing court must construe the statute in an attempt not to defeat or impair the object of the statute [. . .] if that can reasonably be done without doing violence to the legislative language." *Arnold v. City of Asheville*, 186 N.C. App. 542, 548, 652 S.E.2d 40, 46 (2007) (citations and quotation marks omitted).

*State v. McCravey*, 203 N.C. App. 627, 638-39, 692 S.E.2d 409, 418, *disc. review denied*, 364 N.C. 438, 702 S.E.2d 506 (2010). We next turn to the relevant procedures in Chapter 28C, titled "Estates of Missing Persons[.]"

N.C. Gen. Stat. § 28C-2 (2009) permits "anyone who would be entitled to administer the estate" of a person missing for a period of 30 days or more ("the absentee") or "any interested person" to file a complaint in superior court for the appointment of a receiver "to take custody and control of such property of the absentee and to preserve and manage the same pending final disposition of the action as provided in G.S. 28C-11." N.C. Gen. Stat. § 28C-3 (2009) permits the court to appoint a temporary or a permanent receiver to "take charge of"

**DAYTON v. DAYTON**

[220 N.C. App. 468 (2012)]

the absentee's property.[3] Here, pursuant to N.C. Gen. Stat. § 28C-2, plaintiff filed a complaint requesting to be appointed as receiver of Mr. Dayton's estate, and pursuant to N.C. Gen. Stat. § 28C-3 the trial court declared plaintiff permanent receiver of Mr. Dayton's estate. N.C. Gen. Stat. § 28C-11 (2009), in pertinent part, states that

> (a) At any time, during the receivership proceedings, upon application to the judge by any party in interest and presentation of satisfactory evidence of the absentee's death, the judge may make a *final finding and decree that the absentee is dead;* in which event the decree and transcript of all of the receivership proceedings shall be certified to the clerk of the superior court for any administration as may be required by law upon the estate of a decedent, and the judge shall proceed no further except for the purposes hereinafter set forth in G.S. 28C-12, subdivisions (1) and (4); or
>
> . . . .
>
> (c) After the lapse of five years from the date of the finding of disappearance provided for in G.S. 28C-6, if the absentee has not appeared and no finding and decree have been made in accordance with the provisions of either subsections (a) or (b) above, and subject to the provisions of G.S. 28C-14, the judge may proceed to take further evidence and thereafter make a final finding of such absence and enter a decree *declaring that all interest of the absentee in his property*, including property in which he has an interest as tenant by the entirety and other property in which he is co-owner with or without the right of survivorship, subject to the provisions of G.S. 28C-8(7), has ceased and devolved upon others by reason of his failure to appear and make claim.[4]

(Emphasis added.) Upon the entry of any final finding and decree as noted above, in N.C. Gen. Stat. § 28C-11, N.C. Gen. Stat. § 28C-12 (2009) provides the process for winding-up and termination of the receivership:

---

3. N.C. Gen. Stat. § 28C-8 (2009) lists the "powers and duties of [a] permanent receiver[;]" N.C. Gen. Stat. § 28C-9 (2009) requires the receiver to make "a search for the absentee[;]" and N.C. Gen. Stat. § 28C-10 (2009) addresses a receiver's duty to publish notice of the action to persons having claims against the absentee.

4. Subsection (b) is inapplicable because it addresses the situation of when a judge makes a decree "revok[ing] his finding that [the missing person] is an absentee[.]" Here, the trial court has not revoked any of its findings.

(1) In the case of a decree under G.S. 28C-11, subsection (a), that the absentee is dead:

 a. By satisfying all outstanding expenses and costs of the receivership, and

 b. By then deducting for the insurance fund provided in G.S. 28C-19 a sum equal to five percent (5%) of the total value of the property remaining for distribution upon settlement of the absentee's estate, including amounts paid to the estate from policies of insurance on the absentee's life, and

 c. By then certifying the proceedings to the clerk of the superior court subject to an order by the judge administering the receivership, or

 . . . .

(3) In the case of a decree under G.S. 28C-11, subsection (c), declaring that all interest of the absentee in his property has ceased:

 a. By satisfying all outstanding expenses and costs of the receivership, and

 b. By then satisfying all outstanding taxes, other debts and charges, and

 c. By then deducting for the insurance fund provided in G.S. 28C-19 a sum equal to five percent (5%) of the total value of the property remaining, including amounts paid to the receivership estate from policies of insurance on the absentee's life, and

 d. By transferring or distributing the remaining property as provided in G.S. 28C-13; and

(4) In all three cases by requiring the receiver's account, and upon its approval, discharging him and his bondsmen and entering a final decree terminating the receivership.[5]

N.C. Gen. Stat. § 28C-13 (2009) gives instruction as to the distribution of the absentee's remaining property. N.C. Gen. Stat. § 28C-18 (2009), in pertinent part states that

---

5. Subsection (2) of N.C. Gen. Stat. § 28C-12 is inapplicable because it applies to a trial court's N.C. Gen. Stat. § 28C-11(b) revocation of its finding that the missing person is an absentee, as explained above.

**DAYTON v. DAYTON**

[220 N.C. App. 468 (2012)]

(a) At the time of the distribution under G.S. 28C-13 the judge may direct the payment of any sums as they become due on any policies of insurance upon the life of the absentee, to the proper parties as their interest may appear.

(b) If the insurer refuses payment, the judge, upon the finding of appropriate supplemental pleadings in the pending action, shall determine all issues arising upon the pleadings, provided that all issues of fact shall be tried by a jury, unless trial by jury is waived.

. . . .

N.C. Gen. Stat. § 28C-19 (2009) provides for the process for establishing an "Absentee Insurance Fund" as directed in N.C. Gen. Stat. § 28C-12(1) and (3). We find that the portions of the above relevant statutes are "clear and unambiguous" and, therefore, we "must apply the statute to give effect to the plain and definite meaning of the language." *See McCravey*, 203 N.C. App. at 638-39, 692 S.E.2d at 418.

We first note that the plain words of N.C. Gen. Stat. § 28C-11 provide for different procedures based on three different determinations by the trial court: (a) entry of a final finding and decree that the absentee is dead; (b) entry of a decree revoking its finding that the missing person is an absentee, which as noted above is inapplicable in this case; and (c) if after five years from the date of disappearance no determination as to (a) or (b) had been made, entry of an order declaring that all interest of the absentee in his property had ceased and been devoted to others. *See* N.C. Gen. Stat. § 28C-11.

If the trial court follows that first procedure (a) and makes a "final finding and decree that the absentee is dead[,]" then the administration of the receivership proceedings is directed to the clerk of superior court "and the judge shall proceed *no further* except for the purposes hereinafter set forth in G.S. 28C-12, subdivisions (1) and (4)[.]" *See id.* (emphasis added). N.C. Gen. Stat. § 28C-12(1) states that if the court makes a determination based on subsection 28C-11(a), the judge must wind up and terminate the receivership by (a) satisfying the expenses and costs of the receivership, (b) deducting 5% from insurance proceeds for the insurance fund pursuant to N.C. Gen. Stat. § 28C-19, and (c) certifying the proceeding to the clerk of superior court.

If the trial court follows the third procedure (c) in N.C. Gen. Stat. § 28C-11 and enters an order "declaring that all interest of the absentee in his property . . . has ceased and devolved upon others by rea-

sons of his failure to appear and make a claim[,]" then N.C. Gen. Stat. § 28C-12(3) directs the judge to wind up and terminate the receivership by (a) satisfying the expenses and costs of the receivership; (b) satisfying all outstanding taxes, and other debts; (c) deducting 5% from insurance proceeds for the insurance fund pursuant to N.C. Gen. Stat. § 28C-19; and (d) "[b]y transferring or distributing the remaining property as provided by G.S. 28C-13[.]" As noted above, N.C. Gen. Stat. § 28C-13 directs the procedures for distribution of "property remaining[.]" N.C. Gen. Stat. § 28C-18(a) states that "[a]t the time of the distribution under G.S. 28C-13 the judge may direct the payment of any sums as they become due on any polices of insurance upon the life of the absentee, to the proper parties as their interest may appear." Therefore, given the procedures in Chapter 28C, N.C. Gen. Stat. § 28C-18 is only applicable if the trial court in its order declares "that all interest of the absentee in his property . . . has ceased and devolved upon others[,]" pursuant to N.C. Gen. Stat. § 28C-11(c). We turn next to the trial court's 22 December 2010 decree.

The trial court's 22 December 2010 decree found, *inter alia*, that no one, including plaintiff, Mr. Dayton's employer, or law enforcement had seen or heard from Mr. Dayton since May or June of 2004; he had approximately $3,000.00 in debt; he owned no real or personal property; and he was a policy holder on a life insurance policy. Based on these findings the trial court concluded that it had jurisdiction to decree death and order distribution of the life insurance proceeds; venue was proper; and

> 3. Upon the presentation of satisfactory evidence pursuant to N.C. Gen. Stat § 28C-11, Petitioner's motion for a final finding and decree that Respondent is dead by reason of accident and for distribution of insurance proceeds should be granted.

Based on these conclusions, the trial court ordered:

> 1. That the respondent, Douglas Eugene Dayton, is decreed dead and a Death Certificate be entered showing such;
>
> 2. That the respondent's death is hereby declared an accidental death;
>
> 3. That the proceeds on the attached Baltimore Life Insurance Policy be distributed to Petitioner as Receiver of the Estate of Respondent in the amount of $100,000.00.

It appears that the trial court's 22 December 2010 decree was made pursuant to N.C. Gen. Stat. § 28C-11(a) as it made findings sup-

porting a conclusion that Mr. Dayton was dead. It certainly did not make the conclusion or declaration that "all interest of the absentee in his property . . . has ceased and devolved upon others" pursuant to N.C. Gen. Stat. § 28C-11(c). Therefore, N.C. Gen. Stat. §§ 28C-12(3), 28C-13, or 28C-18 are *not* relevant to our analysis. As noted above, if the trial court made a "final finding and decree that the absentee is dead" then N.C. Gen. Stat. § 28C-11(a) states that the court could direct the administration of the receivership proceedings to the clerk of the superior court and "shall proceed *no further* except for the purposes hereinafter set forth in G.S. 28C-12, subdivisions (1) and (4)[.]" (emphasis added). Therefore, by operation of the statute, the 22 December 2010 order was not interlocutory as it "requires [no] further action by the trial court[.]" *See Arrington*, ___ N.C. App. at ___, 716 S.E.2d at 413. The trial court could not make any more determinations based on the plain language of the statute. We note that it appears that the trial court failed to follow the winding up and termination procedures in N.C. Gen. Stat. § 28C-12(1) and its order of payment of the life insurance proceeds is unclear.[6] However, defendant raises no argument based on N.C. Gen. Stat. § 28C-12, *see* N.C.R. App. P. 28(a), and no appeal was made from the 22 December 2010 order. *See* N.C.R. App. P. 3(a). We also note that defendant failed to file an answer within 30 days after service of plaintiff's amended complaint, *see* N.C. Gen. Stat. § 1A-1, Rule 12(a)(1) (2009), nor did defendant file a timely motion to amend the 22 December 2010 order within ten days after entry of the judgment. *See* N.C. Gen. Stat. § 1A-1, Rule 59(e). As all of defendant's remaining arguments on appeal challenging the 5 April 2011 order are based on N.C. Gen. Stat. § 28C-18, which is inapplicable, we need not address them.

For the foregoing reasons, we affirm the trial court's 5 April 2011 order.

AFFIRMED.

Judges STEPHENS and BEASLEY concur.

---

6. Plaintiff requested in her amended complaint for payment of the insurance proceeds pursuant to N.C. Gen. Stat. § 28C-14. However, N.C. Gen. Stat. § 28C-14 is applicable only if there is a N.C. Gen. Stat. § 28C-6 hearing challenging the appointment of a permanent receiver. Here, there was no challenge to plaintiff's appointment as permanent receiver of Mr. Dayton's estate.