In re Summons Issued to Target Corp., 2018 NCBC 125.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 12841

IN THE MATTER OF THE
SUMMONS ISSUED TO TARGET
CORPORATION AND AFFILIATES

**ORDER AND OPINION
REGARDING DESIGNATION**

1.     **THIS MATTER** is before the Court upon North Carolina Secretary of Revenue Ronald G. Penny's ("Secretary") Opposition to Notice of Designation as a Mandatory Complex Business Case (the "Opposition") of the above-captioned proceeding.  (Opp'n Notice Designation Mandatory Complex Business Case, ECF No. 6.)

> *North Carolina Department of Justice, by Andrew Owen Furuseth, for the North Carolina Secretary of Revenue.*
>
> *Terpening Law PLLC, by William R. Terpening, for Target Corporation.*

Bledsoe, Chief Judge.

2.     The Secretary filed an Application for an Order to Enforce Summons in the Wake County Superior Court on October 18, 2018 (the "Application"), seeking an order compelling Target Corporation and its affiliates ("Target") to comply with the Secretary's administrative summons issued on June 4, 2018, pursuant to N.C. Gen. Stat. § 105-258(a)(4).  (Application Order Enforce Summons, ECF No. 3.)

3.     On November 16, 2018, Target filed a Notice of Designation of Action as Mandatory Complex Business Case under N.C. Gen. Stat. § 7A-45.4 ("NOD").  (Notice Designation Action Mandatory Complex Business Case [hereinafter "NOD"], ECF No. 5.)  Target designated this proceeding as a mandatory complex business case under

sections 7A-45.4(a)(1), permitting designation for material issues related to disputes involving the law governing corporations, and (a)(8), permitting designation for material issues related to disputes involving trade secrets. (NOD 1–2.)

4.     This proceeding was designated a mandatory complex business case by order of the Chief Justice of the Supreme Court of North Carolina on November 16, 2018, (Designation Order, ECF No. 1), and assigned to the Honorable Michael L. Robinson by order of the undersigned on November 19, 2018, (Assignment Order, ECF No. 2.)

5.     On November 21, 2018, the Secretary filed the Opposition and a Motion to Expedite Review of Designation as Mandatory Complex Business Case (the "Motion to Expedite"). (Mot. Expedite Review Designation Mandatory Complex Business Case, ECF No. 7.) This Court granted the Motion to Expedite on the same day and ordered Target to file its response to the Opposition no later than November 29, 2018. (Order Mot. Expedite Review Designation, ECF No. 9.)

6.     Target timely filed its Response to Opposition to Notice of Designation as Mandatory Complex Business Case ("Response") on November 29, 2018. (Resp. Opp'n Notice Designation [hereinafter "Response"], ECF No. 10.) The Opposition is now ripe for consideration. "The Notice of Designation shall, in good faith and based on information reasonably available, succinctly state the basis of designation . . . ." N.C. Gen. Stat. § 7A-45.4(c). Therefore, the Court may consider all materials reasonably necessary to rule on an opposition to designation.

7.     There is no indication in either N.C. Gen. Stat. § 105-258 or § 7A-45.4 that the General Assembly intended the Business Court to hear tax summons enforcement proceedings.  Neither statute specifically references Business Court designation for these types of tax proceedings.  This statutory silence stands in marked contrast to the legislature's treatment of the judicial review of contested tax cases, where the legislature has made it clear that Business Court designation may be proper.  *See* N.C. Gen. Stat. § 105-241.16 (requiring such petitions be filed "in accordance with the procedures for a mandatory business case set forth in G.S. 7A-45.4(b) through (f)").

8.     In light of the Court's resolution of the Opposition as set forth below, the Court does not find it necessary to determine whether tax summons proceedings could ever be designated to the Business Court in appropriate circumstances.  That said, the Court finds the Secretary's argument that Business Court designation would necessarily cause unacceptable delay in contravention of the intended purpose of section 105-258 unpersuasive.  *See In re Ernst & Young, LLP*, 363 N.C. 612, 617, 684 S.E.2d 151, 154 (2009) ("[T]he task before the court in a summons enforcement proceeding is summary in nature and relatively uncomplicated.").  To the contrary, the Business Court is well-equipped to hear administrative proceedings and time-sensitive matters in which the suspension or modification of case management requirements may be appropriate.  *See* N.C. Gen. Stat. § 7A-45.4(b)(1).  Likewise, contrary to the Secretary's argument, the suspension of the Rules of Civil Procedure in tax summons enforcement proceedings, *see In re Ernst & Young, LLP*, 363 N.C. at

618, 684 S.E.2d at 155, does not, without more, foreclose the Business Court from hearing such proceedings.

9. Turning to the substantive grounds for Target's NOD, the Court concludes that this dispute involves neither the law governing corporations nor trade secrets, and thus that the Opposition is well-founded.

10. First, Target argues that, in the absence of the North Carolina Rules of Civil Procedure and other statutory direction, corporations like Target need guidance from the Business Court to determine the procedures a taxpayer should follow in a tax summons enforcement proceeding. (*See* NOD 4–5 (citing *In re Ernst & Young, LLP*, 363 N.C. at 617, 684 S.E.2d at 154–55); Response 8.) On this basis, Target claims the Application raises a material issue related to a dispute involving the law governing corporations. The Court disagrees. Section 105-258's provisions are not limited to corporations or other business organizations; they apply equally to individuals. Thus, to the extent section 105-258 needs clarification, that need does not derive from a business organization's form or the law governing that organization. Rather the need is one shared by all taxpayers.

11. Next, while Target alleges that the Secretary's tax summons broadly seeks "confidential and highly-sensitive Target documents, including Target's trade secrets and business information," (NOD 4), the Application does not reflect a dispute involving a determination of the existence of a trade secret or the misappropriation or use of a trade secret. The Court concludes that our legislature did not intend for the Business Court to referee discovery disputes in actions that do not otherwise

qualify for Business Court designation simply because one party contends that another party is seeking production of the first party's trade secret information. *See, e.g., Stay Alert Safety Servs., Inc. v. Pratt*, 2017 NCBC LEXIS 101, at *4–6 (N.C. Super. Ct. Nov. 1, 2017) (finding that in an action for breach of contract, the complaint did not raise a material dispute involving trade secrets merely because the term "trade secret" appeared in the contractual language quoted in the complaint).

12.    Finally, the Court finds that Target's reliance on *Delhaize America, Inc. v. Lay*, 2011 NCBC LEXIS 9 (N.C. Super. Ct. Jan. 12, 2011), is misplaced. *Delhaize* was a civil action commenced by the taxpayer filing a complaint seeking a refund of North Carolina corporate income tax from the Department of Revenue, not a specialized tax summons proceeding under section 105-258. *See Delhaize*, 2011 NCBC LEXIS at *3. Further, in contrast to Target's NOD here, while the taxpayer in *Delhaize* sought and obtained a trade secret protective order in that case over the Secretary's objection, the protective order dispute was not the basis for Business Court designation. *See* Notice Designation at 1, *Delhaize*, 2011 NCBC LEXIS 9 (2007) (06 CVS 08416), ECF No. 1. As such, *Delhaize* is inapposite.

13.    Target's effort to designate this case to the Business Court appears to be born of Target's concern that North Carolina's statutory scheme does not provide adequate protections for a taxpayer who receives a tax summons from the Secretary. Target argues that section 105-258 does not contain express procedures for a taxpayer to follow to challenge the Secretary's summons. Target also contends that N.C. Gen. Stat. § 105-259 does not contain adequate safeguards for companies, like Target,

which desire to protect their confidential and trade secret information from public disclosure.

14. While the Court is sympathetic to Target's concerns, the Court concludes that any procedural or substantive deficiencies in these statutes should be remedied through legislative action, not through judicial redrafting. In any event, given that section 7A-45.4 does not provide a basis for designation, the Court concludes that the Business Court judges are no better situated than the Superior Court judges appearing in the regular session of Wake County Superior Court to address the Application and any procedural or substantive concerns that Target may raise in the hearing contemplated under N.C. Gen. Stat. § 105-258(a)(4).

15. **THEREFORE**, the Opposition is **ALLOWED**. This proceeding was improperly designated and should proceed on the regular civil docket of the Wake County Superior Court.

**SO ORDERED**, this the 4th day of December, 2018.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge