IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-106

No. 240PA21

Filed 4 November 2022

IN THE MATTER OF THE FORECLOSURE OF A LIEN BY EXECUTIVE OFFICE PARK OF DURHAM ASSOCIATION, INC. AGAINST MARTIN E. ROCK A/K/A MARTIN A. ROCK

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 277 N.C. App. 444, 2021-NCCOA-211, vacating an order entered on 4 March 2019 by Judge John M. Dunlow in Superior Court, Durham County and remanding for dismissal. Heard in the Supreme Court on 29 August 2022.

*Jordan Price Wall Gray Jones & Carlton, PLLC, by J. Matthew Waters and Hope Derby Carmichael, for petitioner-appellant.*

*Mark Hayes for respondent-appellee.*

*Sellers, Ayers, Dortch & Lyons, PA, by Cynthia A. Jones, for Community Associations Institute, amicus curiae.*

BARRINGER, Justice.

¶ 1 In this matter, we address whether a condominium formed prior to the enactment of the North Carolina Condominium Act in 1985 has the power of sale for foreclosure pursuant to section 3-116 of that Act for nonpayment of an assessment

In re Foreclosure of a Lien by Exec. Off. Park of Durham Ass'n against Rock

2022-NCSC-106

*Opinion of the Court*

that occurred after 1 October 1986. For the reasons addressed herein, given the plain language of the statute addressing the applicability of the North Carolina Condominium Act and the plain language of the condominium's declaration, we conclude that petitioner Executive Office Park of Durham Association, Inc. (Executive Office) has the power of sale for foreclosure pursuant to N.C.G.S. § 47C-3-116. Therefore, we reverse the decision of the Court of Appeals, which vacated the trial court's order authorizing sale, and remand to the Court of Appeals to address the argument of respondent Martin Rock (Rock) that the Court of Appeals declined to address.

## I.    Background

In 1982, Executive Office Park Developers, LP filed a declaration of unit ownership (Declaration) for a condominium development with Executive Office as the governing entity. As relevant to this matter, Executive Office filed a claim of lien on 23 October 2018 against three units owned by Rock, alleging that assessments and other charges from 2018 remained unpaid for more than thirty days. Subsequently, the substitute trustee initiated a power of sale foreclosure. The clerk of superior court entered an order authorizing sale, which Rock appealed. The trial court affirmed the order authorizing sale. Thereafter, Rock appealed to the Court of Appeals.

Before the Court of Appeals, Rock argued that Executive Office lacked the power of sale for foreclosure and that he was not in default. The Court of Appeals

concluded that Executive Office lacked the power of sale for foreclosure because it is the governing entity for a condominium formed and governed by a declaration signed in 1982 that was not amended to bring it within the provisions of the North Carolina Condominium Act. *Foreclosure of a Lien by Exec. Off. Park of Durham Ass'n v. Rock*, 277 N.C. App. 444, 2021-NCCOA-211, ¶¶ 19–23. The Court of Appeals also indicated that Executive Office's Declaration did not include the power of non-judicial foreclosure. *Id.* ¶ 21. The Court of Appeals, therefore, vacated the trial court's order affirming the clerk of court's order authorizing sale and remanded for dismissal. *Id.* ¶ 22. The Court of Appeals declined to address Rock's remaining argument that he was not in default. *Id.*

¶ 4 Executive Office petitioned this Court for discretionary review pursuant to N.C.G.S. § 7A-31. This Court allowed the petition for discretionary review.

## II. Analysis

¶ 5 On appeal to this Court, Executive Office argues that the Court of Appeals erred because the clear and express language of N.C.G.S. § 47C-1-102(a) provides that "[section] 47C-3-116 (Lien for Assessments) . . . appl[ies] to all condominiums created in this State <u>on or before October 1, 1986</u>, unless the declaration expressly

provides to the contrary," N.C.G.S. § 47C-1-102(a) (2021) (emphasis added),[1] and Executive Office's Declaration does not expressly prohibit power of sale foreclosures.

¶ 6    We agree that the Court of Appeals erred. This Court reviews decisions by the Court of Appeals for error of law. N.C. R. App. P. 16(a). Questions of statutory interpretation are questions of law and are reviewed de novo. *In re Summons Issued to Ernst & Young, LLP*, 363 N.C. 612, 616 (2009).

¶ 7    In its entirety, N.C.G.S. § 47C-1-102(a) states:

> This Chapter applies to all condominiums created within this State after October 1, 1986. G.S. 47C-1-105 (Separate Titles and Taxation), 47C-1-106 (Applicability of Local Ordinances, Regulations, and Building Codes), 47C-1-107 (Eminent Domain), 47C-2-103 (Construction and Validity of Declaration and Bylaws), 47C-2-104 (Description of Units), 47C-2-121 (Merger or Consolidation of Condominiums), 47C-3-102(a)(1) through (6) and (11) through (16)(Powers of Unit Owners' Association), 47C-3-103 (Executive board members and officers), 47C-3-107.1 (Procedures for fines and suspension of condominium privileges or services), 47C-3-108 (Meetings), 47C-3-111 (Tort and Contract Liability), 47C-3-112 (Conveyance or Encumbrance of Common Elements), 47C-3-116 (Lien for Assessments), 47C-3-118 (Association Records), 47C-3-121 (American and State flags and political sign displays), and 47C-4-117 (Effect of Violation on Rights of Action; Attorney's Fees) and G.S. 47C-1-103 (Definitions), to the extent necessary in construing any of these sections, apply to all condominiums created in this State on or before October 1, 1986, unless the declaration expressly provides to the contrary. Those sections apply only with respect to

---

[1] In June 2022, the General Assembly amended this subsection. Act of 29 June 2022, S.L. 2022-12, § 3.(a), https://www.ncleg.gov/Sessions/2021/Bills/Senate/PDF/S278v4.pdf. Executive Office has not argued that this amendment applies to this matter.

> events and circumstances occurring after October 1, 1986,
> and do not invalidate existing provisions of the
> declarations, bylaws, or plats or plans of those
> condominiums.

N.C.G.S. § 47C-1-102(a) (emphasis added).

¶ 8    As relevant to this matter, the legislature provided in subsection 47C-3-116(f)

that:

> Except as provided in subsection (h) of this section, the
> association, acting through the executive board, may
> foreclose a claim of lien in like manner as a mortgage or
> deed of trust on real estate under power of sale, as provided
> in Article 2A of Chapter 45 of the General Statutes, if the
> assessment remains unpaid for 90 days or more.

N.C.G.S. § 47C-3-116(f) (2021).

¶ 9    When construing statutes, courts first look "to the language of the statute

itself." *Hieb v. Lowery*, 344 N.C. 403, 409 (1996). "When the language of a statute is

clear and without ambiguity," courts must "give effect to the plain meaning of the

statute." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387 (2006). In these circumstances,

"judicial construction of legislative intent is not required." *Id.*

¶ 10    Here, the statute is clear: "unless the declaration expressly provides to the

contrary," the power of sale permitted by N.C.G.S. § 47C-3-116(f) "appl[ies] to all

condominiums created in this State on or before October 1, 1986 . . . with respect to

events and circumstances occurring after October 1, 1986." N.C.G.S. § 47C-1-102(a).

Since it is undisputed that the condominium at issue was created in North Carolina before 1 October 1986 and the assessments and non-payment at issue in this case occurred after 1 October 1986, Executive Office possesses the power of sale permitted by N.C.G.S. § 47C-3-116(f) "unless the declaration expressly provides to the contrary." N.C.G.S. § 47C-1-102(a).

In the Declaration, the declarant indicates its desire and intention "to submit" the property "to the provisions of the North Carolina Unit Ownership Act (Chapter 47A, North Carolina General Statutes)."

Then, in paragraph 12 in the subparagraph entitled "Powers," the Declaration states as follows:

> The Association shall have all of the powers and duties set forth in the Unit Ownership Act, except as limited by this Declaration and the Bylaws, and all of the powers and duties reasonably necessary to operate the condominium as set forth in this Declaration and the Bylaws and as they may be amended from time to time.

Subsequently, in paragraph 15 entitled "Assessments," it states:

> Any sum assessed remaining unpaid for more than thirty (30) days shall constitute a lien upon the delinquent unit or units when filed of record in the Office of the Clerk of Superior Court of Durham County in the manner provided for by Article 8 of Chapter 44 of the General Statutes of North Carolina as amended. The lien for unpaid assessments shall also secure reasonable attorney's fees incurred by the Manager or the Board of Directors incident to the collection of such assessment or the enforcement of such lien. In any foreclosure of a lien for assessments, the owner of the unit subject to the lien shall be required to pay

> a reasonable rental for the unit, and the Manager or Board
> of Directors shall be entitled to the appointment of a
> receiver to collect the same.

¶ 15     The foregoing language neither expressly excludes foreclosure by power of sale nor limits Executive Office's foreclosure authority to only judicial foreclosures.[2] Rather, the Declaration expressly allows for foreclosure of a claim of lien but does not elaborate further. In other words, no provision in the Declaration before us is "invalidated" by the application of N.C.G.S. § 47C-3-116(f), which permits the power of sale for foreclosure in certain circumstances. *See* N.C.G.S. § 47C-1-102(a) ("Those sections apply only with respect to events and circumstances occurring after October 1, 1986, and <u>do not invalidate existing provisions of the declarations</u> . . . .") (emphasis added)).

¶ 16     Rock argues that the declarant's indication in the Declaration of its desire and intention "to submit" the property "to the provisions of the North Carolina Unit Ownership Act" bars Executive Office's use of non-judicial foreclosure. However, the North Carolina Unit Ownership Act neither expressly excludes foreclosure by power of sale nor limits foreclosure authority to only judicial foreclosures. *See* N.C.G.S. § 47A-22(b) (2021). Further, the North Carolina Unit Ownership Act in effect when the Declaration was filed required a declaration of intent by the owners to submit

---

[2] In fact, the paragraph on "Assessments" uses the term "*any* foreclosure," and the subparagraph on "Powers" indicates that Executive Office "shall have . . . all of the powers and duties reasonably necessary to operate the condominium."

their property to the Act to be filed with the register of deeds to create unit ownership. N.C.G.S. § 47A-2 (1981). Thus, this reference to the North Carolina Unit Ownership Act simply satisfies the requirement in N.C.G.S. § 47A-2. Rock's reliance on this reference is therefore misplaced. Thus, we conclude that the Declaration does not *expressly* provide to the contrary.

## III. Conclusion

The Court of Appeals erred by failing to reference and apply the plain language of N.C.G.S. § 47C-1-102(a) when addressing respondent Rock's contention that the condominium association Executive Office lacked the power of sale for foreclosure. Having construed the statute according to its plain language and determined that Executive Office's Declaration does not contain a provision "expressly to the contrary" of the power of sale for foreclosure permitted by N.C.G.S. § 47C-3-116(f), we reverse the Court of Appeals' decision. We further remand this case to the Court of Appeals to address Rock's remaining argument that he was not in default that the Court of Appeals did not reach and is not before this Court.

REVERSED AND REMANDED.