INTERSTATE COOPERAGE COMPANY v. EUREKA LUMBER COMPANY.

(Filed 15 December, 1909.)

1. Venue—Legislative Regulation.

The venue for civil actions is a matter for legislative regulation and is not governed by the rules of the common law.

2. Venue—Injury to Realty—Contiguous Tracts—Separate Counties.

There is a distinction drawn by the Revisal, sec. 419, as to the venue of an action "for injury to real property" and that of an ejectment brought to recover possession of land; and when it appears that, in an action of trespass for damages claimed by reason of defendant's cutting timber on certain contiguous tracts of land claimed by plaintiff and situated in two counties, the trespass complained of was entirely situate in an adjoining county to the one in which the action was brought, and the defendant having disclaimed title to all land in the county where action commenced, upon motion made in apt time the cause should be removed to the adjoining county in which the alleged injury was caused.

APPEAL by plaintiff from an order removing this cause for trial to the county of BEAUFORT. The motion was made at the return term, before the time to answer had expired, April Term, 1909, Superior Court of PAMLICO County, the *Hon. Charles M. Cooke, Judge,* presiding.

The facts are stated in the opinion of the Court.

*Moore & Dunn* and *Small, MacLean & McMullen* for plaintiff.
*W. B. Rodman* and *Wiley C. Rodman* for defendant.

BROWN, J. This motion was heard upon affidavits presented by both parties, and the record of the cause, at chambers in New Bern, on 13 May, 1909. The judge made the following finding of facts:

1. The court finds that this is an action to recover damages for an alleged trespass by the defendant by cutting timber upon lands claimed by the plaintiff.

2. That the lands described in the complaint are claimed by the plaintiff under one deed, and that said lands, as located by the plaintiff, lie partly in the counties of Pamlico and Beaufort.

3. That the portion of the lands upon which the defendant has trespassed, if there has been any trespass, lies within the county of Beaufort, and that the defendant has not committed any act of trespass upon any of the lands of the plaintiff which lie in the county of Pamlico.

4. That there is a controvesy between the plaintiff and defendant as to the ownership of the lands upon which the defendant has been cutting timber, but that this controversy does not extend to any of the lands described in the complaint which lie in the county of Pamlico, and that the defendant has expressly in this action disclaimed any claim whatever to any of the lands described in the complaint which lie in the county of Pamlico.

The affidavits not only support these findings, but there seems to be no controversy in regard to their correctness. The *venue* of civil actions is a matter for legislative regulation and is not governed by the rules of the common law. *State v. Woodard,* 123 N. C., 710.

The statute controlling in actions of this character is section 419 of Revisal of 1905; Clark's Code, sec. 190. In construing this section it has been held that where the lands claimed, in an action of ejectment brought to recover *possession* of them, are contiguous and situated in two adjoining counties, the action may be brought in either. *Thames v. Jones,* 97 N. C., 121. This is necessarily so, as the subject of the action is situated in both counties.

It is to be noted, however, that the statute makes a distinction between actions to recover possession of real property and those brought to recover damages "for injuries to real property." It declares that actions for *"injuries* to real property" must be tried in the county in which the subject-matter of the action, or some part thereof, is situated, subject, of course, to the power of removal in the cases provided by law.

The complaint shows that this action is brought to recover damages for an injury to real estate, and not to recover possession of it, and it is this injury to real estate which is the subject of this action. The findings of fact have located the injury exclusively in the county of Beaufort and no part of it in the county of Pamlico. Inasmuch as the defendants disclaim title to any land situated in Pamlico, and have done no injury to lands in that county, it would seem to be plain that the entire "subject-matter of the action" is situated in the county of Beau-

fort, and that, under the letter as well as the spirit of the law, the action must be tried therein.

The order of removal is

Affirmed.