ROSE D. GARDNER v. JONAS MELVIN GARDNER

No. 53

(Filed 15 July 1980)

**1. Divorce and Alimony § 3— plaintiff who becomes nonresident—venue change to county of defendant's residence—statute inapplicable where venue previously fixed by final judgment**

The amendment of G.S. 50-3 providing for the removal of an action for divorce or alimony, upon motion by defendant, to the county in which defendant resides where plaintiff has ceased to be a resident of this State is mandatory and generally should be construed to apply retrospectively to those cases pending at the time of its effective enactment. However, the amendment was not applicable to an action for divorce from bed and board where it became effective after plaintiff's right to venue in the county in which the action was instituted was firmly fixed by judgments which had passed beyond the scope of further judicial review.

**2. Statutes § 8— retroactive or retrospective statute**

The application of a statute is deemed "retroactive" or "retrospective" when its operative effect is to alter the legal consequences of conduct or transactions completed prior to its enactment.

**3. Statutes § 8— retroactivity**

A statute may be applied retroactively only insofar as it does not impinge upon a right which is otherwise secured, established, and immune from further legal metamorphosis.

**4. Venue § 9— final adjudication of venue—substantial right**

Although the question of venue is a procedural one, a right to venue established by statute is a substantial right. Its status is secure when finally adjudicated by a court of competent jurisdiction, and neither the courts nor the legislature can thereafter invalidate the right's exercise or annul the judgment which fixes its investiture.

Justice CARLTON did not participate in this decision.

APPEAL by defendant pursuant to G.S. 7A-30(2) from a decision of the Court of Appeals by *Judge Hill, Judge Vaughn* dissenting, 43 N.C. App. 678, 260 S.E. 2d 116 (1979), reversing the order entered on 16 November 1978 by *Judge Hardy* in WAYNE District Court, which granted defendant's motion for change of venue.

*Freeman, Edwards & Vinson by George K. Freeman, Jr., for plaintiff appellee.*

*Mast, Tew, Nall & Moore, P.A. by George B. Mast; and Taylor, Warren, Kerr & Walker by Lindsay C. Warren for defendant appellant.*

EXUM, Justice.

The crux of this appeal is whether a statute may be applied retroactively to alter the effect of a final judgment which had previously established the proper venue for an action. We hold that it may not and affirm the decision of the Court of Appeals.

This appeal represents the fourth attempt by defendant to secure venue for this divorce case in Johnston County. The procedural history of the case is as follows:

Plaintiff Rose Gardner filed an action on 12 May 1976 in Wayne District Court seeking alimony without divorce from defendant Jonas Melvin Gardner. The complaint was amended on 28 June 1976 to state a cause of action for divorce from bed and board.

On 24 May 1976, defendant filed a Rule 12(b)(3) motion to remove for improper venue. Defendant, a resident of Johnston County, asserted that plaintiff was not a resident of Wayne County at the time suit was brought, and that venue in Wayne was therefore improper under G.S. 1-82's requirement that "the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement. . . ." The district court ruled on 22 June that venue properly lay in Wayne County; this ruling was later affirmed by the Court of Appeals without published opinion. 34 N.C. App. 165, 237 S.E. 2d 357 (1977).

On 1 June 1976, defendant initiated a separate action for absolute divorce in Johnston County. Plaintiff thereupon moved to dismiss defendant's Johnston County action under Rule 13(a) on the ground that the claim constituted a compulsory counterclaim to her cause pending in Wayne County. Although the motion to dismiss was denied at the trial level, this Court reversed on appeal and held that defendant's suit could not be maintained as an

action separate to plaintiff's Wayne County action. *Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978).

On 15 June 1976, defendant again moved to have the venue of the Wayne County suit changed on grounds relating to convenience of the parties. *See* G.S. 1-83(2). The motion was heard and denied on 15 October 1977 and an order was subsequently entered granting plaintiff alimony *pendente lite*. This judgment was affirmed by the Court of Appeals, *Gardner v. Gardner*, 40 N.C. App. 334, 252 S.E. 2d 867 (1979), and no appeal was perfected therein as to the denial of defendant's motion for change of venue.

Meanwhile, subsequent to the denial in Wayne District Court of defendant's motion under G.S. 1-83(2), defendant filed yet another motion for change of venue, this time pursuant to G.S. 50-3. That statute had been amended in June 1978 to provide:

> "Any action brought under Chapter 50 for alimony or divorce filed in a county where the plaintiff resides but the defendant does not reside, where both parties are residents of the State of North Carolina, and where the plaintiff removes from the State and ceases to be a resident, the action may be removed upon motion of the defendant, for trial or for any motion in the cause, either before or after judgment, to the county in which the defendant resides. The judge, upon such motion, *shall order the removal of the action. . . .*
>
> Sec. 2. This act is effective upon ratification." (Emphasis supplied.)

In support of his motion, defendant submitted a verified copy of the foregoing amendment along with affidavits showing that plaintiff had removed her residence from Wayne County to Vidalia, Georgia, on or about 1 January 1978, some five months before the amendment took effect. Defendant contended that the amendment to G.S. 50-3 entitled him to removal as a matter of right. Concluding that he had no discretion under the amendment to refuse defendant's motion, Judge Hardy ordered the action transferred to Johnston County. The Court of Appeals reversed on the ground that the new venue statute could not be applied "where it becomes effective *after the trial court has made a decision* settling the question of venue." 43 N.C. App. at 681, 260 S.E. 2d at 118. (Emphasis original.)

Gardner v. Gardner

[1]   At the outset, we note our agreement with the Court of Appeals that the language of the amendment to G.S. 50-3 is clearly mandatory. When the particular situation to which it applies is shown to obtain, the trial court has no choice but to order removal upon proper motion by the defendant. We further agree that the statute *generally* should be construed to apply retrospectively to those cases pending at the time of its effective enactment. Venue is a procedural matter, and statutes or amendments pertaining to procedure are usually held to operate restrospectively, absent a clear expression of legislative intent to the contrary. *Smith v. Mercer*, 276 N.C. 329, 338, 172 S.E. 2d 489, 494 (1970). The question remains whether this general principle of construction should be applied under the particular facts of this case.

[2]   The application of a statute is deemed "retroactive" or "retrospective" when its operative effect is to alter the legal consequences of conduct or transactions completed prior to its enactment. As was stated long ago by Justice Story in *Society for the Propagation of the Gospel v. Wheeler*, 22 F. Cas. 756, 767 (C.C.D.N.H. 1814) (No. 13, 156): "Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed, must be deemed retrospective. . . ." As applied in the instant case, G.S. 50-3 is clearly retroactive in that it "attaches a new disability"—the danger of having plaintiff's choice of venue defeated upon defendant's motion—to plaintiff's change of residence prior to the statute's enactment. More importantly the statute as applied alters the legal effect of previous rulings by the trial court that venue properly lay in Wayne County. It is this latter aspect of the statute's retroactivity which runs afoul of constitutional limitations.

[3]   Regardless of its "procedural" subject matter, no rule of procedure or practice may be applied to abridge substantive rights. N.C. Constitution, Art. IV, Sec. 13(2); *Branch v. Branch*, 282 N.C. 133, 191 S.E. 2d 671 (1972). Hence, it is not enough to say that G.S. 50-3 affects only matters of procedure and therefore may freely apply with retroactive effect; such an argument does no more than play with conclusory labels. Instead, the proper question for consideration is whether the act as applied will interfere

with rights that have "vested." *Booker v. Medical Center*, 297 N.C. 458, 467, 256 S.E. 2d 189, 195 (1979). Stated otherwise, the statute may be applied retroactively only insofar as it does not impinge upon a right which is otherwise secured, established, and immune from further legal metamorphosis.

[4] Although the initial question of venue is a procedural one, there can be no doubt that a right to venue established by statute is a substantial right. *Casstevens v. Membership Corp.*, 254 N.C. 746, 120 S.E. 2d 94 (1961). Its grant or denial is immediately appealable. *Coats v. Hospital*, 264 N.C. 332, 141 S.E. 2d 490 (1965); *Roberts v. Moore*, 185 N.C. 254, 116 S.E. 728 (1923); *Cecil v. High Point*, 165 N.C. 431, 81 S.E. 616 (1914). When *finally* adjudicated by a court of competent jurisdiction, its status is secure. Neither the courts nor the Legislature can thereafter invalidate the right's exercise or annul the judgment which fixes its investiture. *Dellinger v. Bollinger*, 242 N.C. 696, 89 S.E. 2d 592 (1955); *Commissioners v. Blue*, 190 N.C. 638, 130 S.E. 743 (1925); *Morrison v. McDonald*, 113 N.C. 327, 18 S.E. 704 (1893). *See generally*, 16 C.J.S. *Constitutional Law*, Sec. 271.

We recognize, of course, that the phrases "vested right" or "substantive right" are themselves statements of legal conclusion. "Vested" rights may not be retroactively impaired by statute; a right is "vested" when it is so far perfected as to permit no statutory interference. The tautology is apparent. As was pointed out by Justice Holmes, "for legal purposes a right is only the hypostasis of a prophecy—the imagination of a substance supporting the fact that force will be brought to bear upon those who do things said to contravene it. . . ." Holmes, *Natural Law*, 32 Harv. L. Rev. 40, 42 (1918). Our concern here, however, is less with the metaphysics of plaintiff's right to her chosen venue than with the constitutional requirement that the judgment which accords that right be stable. Article IV, Sec. 1 of the North Carolina Constitution vests the judicial power of the State, including the power to render judgments, in the General Court of Justice, not in the General Assembly. Under this provision, the Legislature has no authority to invade the province of the judicial department. *State v. Matthews*, 270 N.C. 35, 153 S.E. 2d 791 (1967). It follows, then, that a legislative declaration may not be given effect to alter or amend a final exercise of the courts' rightful jurisdiction. *Hospital v. Guilford County*, 221 N.C. 308, 20 S.E. 2d 332 (1942).

[1]  In the instant case, the trial court twice ruled in plaintiff's favor on the venue question. The ruling of 22 June 1976, affirming Wayne County as the proper venue under G.S. 1-82, was sustained by the Court of Appeals upon defendant's appeal. The ruling of 15 October 1977, denying defendant's motion to change venue for convenience of the parties, was never questioned by defendant in his appeal from the subsequent judgment awarding plaintiff temporary alimony. Thus, by the time the Legislature amended G.S. 50-3 on 16 June 1978, plaintiff's right to venue in Wayne County was firmly fixed by judgments which had long since passed beyond the scope of further judicial review. No further challenge to venue by defendant was possible in the courts. The question was then settled, and it could not be reopened by subsequent legislative enactment.

Accordingly the decision of the Court of Appeals reversing Judge Hardy's order changing venue from Wayne to Johnston County is affirmed. The cause is remanded to Wayne District Court for further proceedings not inconsistent with this opinion.

Affirmed.

Justice CARLTON did not participate in this decision.