FIRST SOUTHERN SAVINGS BANK v. TUTON

[114 N.C. App. 805 (1994)]

---

FIRST SOUTHERN SAVINGS BANK, Plaintiff v. GARLAND W. TUTON and SUE C. TUTON, Defendants

No. 9319SC1007

(Filed 17 May 1994)

1. **Appeal and Error § 126 (NCI4th)— change of venue— immediately appealable**

   A trial court order granting defendant's motion for a change of venue was immediately appealable. The disposition of a motion asserting a statutory right to venue affects a substantial right and is therefore immediately appealable.

   **Am Jur 2d, Appeal and Error §§ 89 et seq.**

2. **Venue § 17 (NCI4th)— personal property—foreclosure—deficiencies**

   Venue of an action for a deficiency after foreclosure on a note was properly transferred to Carteret County from Randolph County where the deed of trust for the note was upon property leased by defendants, defendants reside in Onslow County, and the loan was negotiated in Carteret County. A

leasehold interest in real property is a chattel real and as such is subject to rules of law applicable to personal property. N.C.G.S. § 1-76.1.

**Am Jur 2d, Venue § 24.**

Appeal by plaintiff from order entered 26 July 1993 by Judge Catherine C. Eagles in Randolph County Superior Court. Heard in the Court of Appeals 18 April 1994.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jeffrey E. Oleynik and James R. Saintsing, for plaintiff appellant.*

*McMillan, Kimzey & Smith, by James M. Kimzey and Katherine E. Jean, for defendant appellees.*

COZORT, Judge.

Plaintiff instituted this cause of action against defendants seeking to recover deficiencies allegedly remaining after foreclosure of the deeds of trust securing six promissory notes. Plaintiff alleges that the promissory note identified in the pleadings as the "Island Resort Note" was secured by a deed of trust conveying a certain parcel of land.

The parties entered into the deed of trust securing the "Island Resort Note" on 22 July 1987 in Carteret County. Defendants and two other individuals leased the property described in that deed of trust from the estate of George F. Spell (Lessor) on 22 January 1986. Plaintiff, defendants, and the Lessor entered into an estoppel and non-disturbance agreement on 15 July 1987, in which the Lessor agreed

> that the Lessee [defendants and the other two individuals] is the owner of the Collateral and/or Improvements placed in or on said premises by lessee, whether attached to said premises or not, and that either Lessee or Mortgagee [plaintiff], their successors and assigns, have and shall have the right to remove said property from said premises at any time without interference or hindrance on the part of the Lessor, the Lessor hereby waiving any rights it may now or hereafter have in the Collateral and/or Improvements.

FIRST SOUTHERN SAVINGS BANK v. TUTON

[114 N.C. App. 805 (1994)]

Defendants assigned their lease on the property to plaintiff on 22 July 1987. In return for this assignment and other conditions, plaintiff loaned defendants $67,500.00 for the permanent financing of an office building on the property. Defendants defaulted on that promissory note, and plaintiff foreclosed on the property pursuant to the power of sale contained in the deed of trust. When the property failed to bring the amount due on the note, plaintiff sought to recover the deficiency from defendants.

Following the appearance of a third-party plaintiff, a debtor in a pending bankruptcy case, this action was removed to the United States Bankruptcy Court for the Eastern District of North Carolina. The Bankruptcy Court granted plaintiff's motion for summary judgment against the third-party plaintiff and remanded the remaining case to Randolph County Superior Court. Defendants in their answer included a motion for change of venue under N.C. Gen. Stat. §§ 1-76.1 and 1-83(1) (1983). They asserted that plaintiff's claim for relief must be brought either in the county where the loan was negotiated (Carteret) or in the county in which they reside (Onslow), and requested that venue be changed to Carteret County. Judge Catherine Eagles heard defendants' motion and entered an order on 26 July 1993 transferring venue to Carteret County Superior Court. Plaintiff appeals. We affirm.

[1]  The sole issue presented in this appeal is whether the trial court erred in granting defendant's motion for change of venue to Carteret County pursuant to N.C. Gen. Stat. §§ 1-83 and 1-76.1. As a threshold matter we note that the trial court's order, while interlocutory in nature, is immediately appealable. When an action is not brought in the proper county, upon timely motion of defendants the trial court must, pursuant to N.C. Gen. Stat. § 1-83, change the place of trial. *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 743, 71 S.E.2d 54, 55-56 (1952). The disposition of a motion asserting a statutory right to venue affects a substantial right and is therefore immediately appealable. *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980).

[2]  Plaintiff argues the trial court erred in granting defendants' motion for change of venue under N.C. Gen. Stat. § 1-76.1 because this action is for deficiencies resulting from foreclosure sales of real, not personal, property. We disagree.

Plaintiff's deed of trust for the "Island Resort Note" was upon property leased by defendants. A leasehold interest in real proper-

ty is a chattel real and as such is subject to rules of law applicable to personal property. *See Real Estate Trust v. Debnam*, 299 N.C. 510, 512, 263 S.E.2d 595, 597 (1980). Since the Lessor agreed in the estoppel and non-disturbance agreement that defendants owned the collateral or improvements which they placed on the premises, whether attached or not, the modular office building on the premises would also be considered personal property. *See Oil Co. v. Cleary*, 295 N.C. 417, 420, 245 S.E.2d 720, 722 (1978).

The property foreclosed upon was personal, rather than real property, and under N.C. Gen. Stat. § 1-76.1,

> [s]ubject to the power of the court to change the place of trial as provided by law, actions to recover a deficiency, which remains owing on a debt after secured personal property has been sold to partially satisfy the debt, must be brought in the county in which the debtor or debtor's agent resides or in the county where the loan was negotiated.

Defendants reside in Onslow County and the loan was negotiated in Carteret County. The trial court in its order determined that Carteret County and Onslow County were the proper counties in which to maintain this action and transferred it to Carteret County. The trial court did not err in allowing defendants' motion to change venue to Carteret County. The order of the trial court is

Affirmed.

Judges WELLS and McCRODDEN concur.