CALABRIA, Judge.
 

 *27
 
 Defendant appeals from an order denying his motion for change of venue and a contempt order based upon alimony and attorneys' fees arrearages. We reverse the venue order, vacate the contempt order, and remand.
 

 I. Background
 

 While a full recitation of the facts and procedural history of this case may be found at
 
 Dechkovskaia v. Dechkovskaia,
 

 232 N.C.App. 350
 
 ,
 
 754 S.E.2d 831
 
 ("
 
 Dechkovskaia I
 
 "),
 
 disc. review denied,
 

 367 N.C. 506
 
 ,
 
 758 S.E.2d 870
 
 (2014), our discussion is limited to the background relevant to this appeal.
 

 On 4 March 2011, Anjelika Dechkovskaia ("plaintiff") filed an action against Alex Deshkovski ("defendant") in Orange County District Court for equitable distribution, spousal support, child support, permanent custody of the parties' child, and attorneys' fees.
 
 Dechkovskaia I,
 

 232 N.C.App. at 351
 
 ,
 
 754 S.E.2d at 833
 
 . On 15 February 2012, the trial court awarded sole custody of the parties' minor child to plaintiff and visitation for defendant.
 

 Id.
 

 After a hearing where defendant proceeded
 
 pro se,
 
 the trial court entered an order on 26 July 2012 addressing equitable distribution and alimony.
 

 Id.
 

 For the equitable distribution portion of the order, the trial court distributed two houses to defendant.
 

 Id.
 

 For alimony, the trial court ordered defendant to pay plaintiff $3,500.00 per month for twelve years.
 

 Id.
 

 Defendant was also ordered to pay plaintiff $10,000.00 in attorneys' fees. On 13 August 2012, defendant through counsel filed a motion for new trial and stay of execution, which was denied by order entered 3 December 2012.
 

 Id.
 

 On 2 January 2013, defendant appealed from the order denying his post-trial motions and the 26 July 2012 order, which served as the basis for
 
 Dechkovskaia I.
 

 On 25 and 28 March 2013, plaintiff filed a motion and an amended motion for contempt against defendant for failure to pay alimony and attorneys' fees as required by the 26 July 2012 order. On 24 October 2013, plaintiff filed a motion to modify defendant's visitation schedule and another motion for contempt. In the same pleading, plaintiff sought approval to move the parties' minor child to Florida to pursue an offer of employment with the Department of Neurosurgery and University of Florida Brain Tumor Immunotherapy
 
 *178
 
 Program. The record is silent as to whether a hearing on this motion occurred, but the trial judge signed a handwritten order that states: "Plaintiff is allowed to move to FL with the minor child." This order was entered on 18 November 2013.
 

 On 18 February 2014, in
 
 Dechkovskaia I,
 
 this Court vacated the 26 July 2012 order as to equitable distribution and remanded to Orange
 
 *28
 
 County District Court with instructions to enter a new equitable distribution order and reconsider the amount of alimony based upon that order. As to equitable distribution, this Court concluded that two houses were erroneously included in the valuation of the marital estate and, therefore, were improperly distributed to defendant.
 
 Dechkovskaia I,
 

 232 N.C.App. at 367
 
 ,
 
 754 S.E.2d at 843
 
 . As to alimony, this Court concluded that the trial court did not err in finding that defendant had subjected plaintiff to indignities constituting marital misconduct and remanded the alimony action "only for the limited purpose of reconsideration of the amount and term based upon the ultimate equitable distribution award."
 
 Dechkovskaia I,
 

 232 N.C.App. at 367
 
 ,
 
 754 S.E.2d at 843
 
 .
 

 This Court explained:
 

 [D]efendant only argues that the trial court abused its discretion in awarding plaintiff $3,500 per month in alimony for twelve years because its findings on marital misconduct are unsupported by the evidence. Defendant does not otherwise challenge the alimony order or the trial court's consideration of other alimony factors. Therefore, any such arguments have been abandoned. N.C. R.App. P. 28(a). There was sufficient evidence to support the trial court's findings on marital misconduct, and defendant has shown no abuse of discretion in the trial court's consideration of this misconduct in setting the amount and term of the alimony award.
 

 Yet our ruling cannot end here, since we realize that the alimony award was made in conjunction with the equitable distribution award, and the trial court may need to reconsider the alimony amount in light of any changes to the property distribution.
 
 See
 
 N.C. Gen.Stat. § 50-16.3A(a) ;
 
 Lamb v. Lamb,
 

 103 N.C.App. 541
 
 , 547,
 
 406 S.E.2d 622
 
 , 625 (1991). Therefore, we remand the alimony award only so that the trial court may reconsider the amount and term of alimony based upon the new equitable distribution determination.
 

 This opinion does
 
 not
 
 permit the parties to revisit the issue of marital misconduct on remand, as we have found that the trial court did not err as to this issue, and this opinion does not dictate that the trial court should or should not change the alimony award on remand; we merely permit the trial court to exercise its discretion on remand to reconsider the alimony amount and term, as the trial court
 
 *29
 
 must have the ability to consider the alimony award in light of the new equitable distribution award entered on remand, since they were considered together in the prior trial and order.
 

 Id.
 

 On 6 March 2014, defendant filed a motion for change of venue under N.C. Gen.Stat. § 50-3, seeking to move the equitable distribution hearing on remand and plaintiff's motions for contempt for non-payment of alimony and attorneys' fees from Orange County District Court to Durham County District Court. After a hearing, the trial judge entered an order denying defendant's motion to change venue on 22 April 2014. In its order, the trial judge concluded: " N.C. Gen.Stat. [§ ] 50-3 does not apply to equitable distribution cases and N.C. Gen.Stat. [§ ] 5A-23 controls civil contempt." Defendant appealed the venue order on 7 May 2014.
 

 On 11 June 2014, the trial court heard plaintiff's motions for contempt prior to proceeding on the issues remanded from
 
 Dechkovskaia I.
 
 On 1 July 2014, the trial court entered an order finding defendant in civil contempt for failure to pay alimony and attorneys' fees as directed by the 26 July 2012 order. Defendant appealed the contempt order on 30 July 2014. Both the venue and contempt orders are before this Court on appeal.
 

 II. Jurisdiction
 

 Both orders are interlocutory.
 
 See
 

 Veazey v. City of Durham,
 

 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950) ("An interlocutory
 
 *179
 
 order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.") (citation omitted). Interlocutory orders are generally not appealable unless certified by the trial court or unless a substantial right of the appellant would be jeopardized absent immediate appellate review.
 
 See, e.g.,
 

 Larsen v. Black Diamond French Truffles, Inc.,
 
 --- N.C.App. ----, ----,
 
 772 S.E.2d 93
 
 , 95 (2015). "[A] right to venue established by statute is a substantial right. Its grant or denial is immediately appealable."
 
 Gardner v. Gardner,
 

 300 N.C. 715
 
 , 719,
 
 268 S.E.2d 468
 
 , 471 (1980) (internal citations omitted). "The appeal of any contempt order ... affects a substantial right and is therefore immediately appealable."
 
 Guerrier v. Guerrier,
 

 155 N.C.App. 154
 
 , 158,
 
 574 S.E.2d 69
 
 , 71 (2002) (citing
 
 Willis v. Power Co.,
 

 291 N.C. 19
 
 , 30,
 
 229 S.E.2d 191
 
 , 198 (1976) ). Thus, we have jurisdiction to entertain defendant's appeals.
 
 *30
 

 III. Venue Order
 

 Defendant contends the trial court erred by denying his motion to change venue under N.C. Gen.Stat. § 50-3. We agree.
 

 "Although the initial question of venue is a procedural one, there can be no doubt that a right to venue established by statute is a substantial right."
 
 Gardner,
 

 300 N.C. at 719
 
 ,
 
 268 S.E.2d at 471
 
 . N.C. Gen.Stat. § 50-3 sets forth a mandatory venue removal provision applicable specifically to actions for alimony or divorce. This statute is triggered upon proper motion by the defendant in alimony and divorce actions "filed in a county where the plaintiff resides but the defendant does not reside, where both parties are residents of the State of North Carolina, and where the plaintiff removes from the State and ceases to be a resident[.]" N.C. Gen.Stat. § 50-3 (2015).
 

 In the only case interpreting this venue removal provision, our Supreme Court explained: "[Its language] is clearly mandatory. When the particular situation to which it applies is shown to obtain, the trial court has no choice but to order removal upon proper motion by the defendant."
 
 Gardner,
 

 300 N.C. at 718
 
 ,
 
 268 S.E.2d at 470
 
 . Stated another way, N.C. Gen.Stat. § 50-3 dictates that if one spouse files an action for alimony or divorce in his or her county of residence and then leaves the state, the other spouse may remove the action to the county of his or her residence; the trial court must order removal if demand is properly made. The statute and case law are silent, however, about its effect on claims properly joined to alimony or divorce actions. The statute is also silent as to its effect upon an action that was remanded after this Court's mandate partially vacated and partially upheld an order adjudicating claims joined to an alimony or divorce action. These appear to be issues of first impression.
 

 A. Claims Joined with Alimony or Divorce
 

 Plaintiff contends the statute operates to remove only independent actions for alimony or divorce; defendant contends it operates to remove the entire cause, including all properly joined claims. At issue, then, is whether the mandatory venue provisions of N.C. Gen.Stat. § 50-3 require removal of all claims filed in the same action. We conclude that it does.
 

 "Questions of statutory interpretation are ultimately questions of law for the courts and are reviewed
 
 de novo.
 
 "
 
 In re Ernst & Young, L.L.P.,
 

 363 N.C. 612
 
 , 616,
 
 684 S.E.2d 151
 
 , 154 (2009) (citing
 
 Brown v. Flowe,
 

 349 N.C. 520
 
 , 523,
 
 507 S.E.2d 894
 
 , 896 (1998) ). "The primary
 
 *31
 
 rule of construction of a statute is to ascertain the intent of the legislature and to carry out such intention to the fullest extent."
 
 Id.
 
 at 616,
 
 684 S.E.2d at 154
 
 (quoting
 
 Burgess v. Your House of Raleigh, Inc.,
 

 326 N.C. 205
 
 , 209,
 
 388 S.E.2d 134
 
 , 137 (1990) ).
 

 In interpreting a statute, we first look to the plain meaning of the statute. Where the language of a statute is clear, the courts must give the statute its plain meaning; however, where the statute is ambiguous or unclear as to its meaning, the courts must interpret the statute to give effect to the legislative intent.
 

 *180
 

 Frye Reg'l Med. Ctr., Inc. v. Hunt,
 

 350 N.C. 39
 
 , 45,
 
 510 S.E.2d 159
 
 , 163 (1999) (citations omitted). North Carolina courts adhere to the well-established principle that a statute of specific application is construed as an exception to statutes of general application.
 
 See, e.g.,
 

 High Rock Lake Partners, LLC v. N. Carolina Dep't of Transp.,
 

 366 N.C. 315
 
 , 322,
 
 735 S.E.2d 300
 
 , 305 (2012). Thus, all civil actions are governed by venue statutes of general application, see N.C. Gen.Stat. §§ 1-82 through 1-84, unless subject to a venue statute of more specific application.
 

 N.C. Gen.Stat. § 50-3 (2015) provides in pertinent part:
 

 [In] any action brought under Chapter 50 for alimony or divorce filed in a county where the plaintiff resides but the defendant does not reside, where both parties are residents of the State of North Carolina, and where the plaintiff removes from the State and ceases to be a resident, the action may be removed upon motion of the defendant, for trial or for any motion in the cause, either before or after judgment, to the county in which the defendant resides. The judge, upon such motion, shall order the removal of the action, and the procedures of G.S. 1-87 shall be followed.
 

 The cross-referenced statute provides in pertinent part:
 

 (a) When a cause is directed to be removed, the clerk shall transmit to the court to which it is removed a transcript of the record of the case, with the prosecution bond, bail bond, and the depositions, and all other written evidences filed therein; and all other proceedings shall be had in the county to which the place of trial is changed, unless otherwise provided by the consent of the parties in writing duly filed, or by order of court.
 

 *32
 
 N.C. Gen.Stat. § 1-87(a) (2015). N.C. Gen.Stat. § 50-3 uses the phrase "any action ... for alimony or divorce." Following this phrase is "the action may be removed[.]" "Action" here clearly refers to an "action ... for alimony or divorce." However, it is well settled that an action may include multiple claims.
 
 See, e.g.,
 
 N.C. Gen.Stat. § 50-19.1 (2015) ( "Notwithstanding any other
 
 pending claims filed in the same action,
 
 a party may appeal from an order or judgment adjudicating a claim for absolute divorce, divorce from bed and board, child custody, child support, alimony, or equitable distribution[.]") (emphasis added); N.C. Gen.Stat. § 1A-1, Rule 18(a) (2015) ("A party asserting a claim for relief ... may join ... as many claims ... as he has against an opposing party.").
 

 Specifically, N.C. Gen.Stat. § 50-21 provides that a claim for equitable distribution may be joined and adjudicated with an action for alimony. N.C. Gen.Stat. § 50-21 (2015) ("[A] claim for equitable distribution may be filed and adjudicated, either as a separate civil action, or together with any other action brought pursuant to Chapter 50 of the General Statutes."). Once joined, these claims become one "action" for purposes of N.C. Gen.Stat. § 50-3.
 
 See
 
 Black's Law Dictionary 83 (8th ed.2004) (defining "action" as "any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree"). If a mandatory venue provision of specific application operates to remove one claim in an action, all joined claims must also be removed to the county of mandatory venue. Thus, if N.C. Gen.Stat. § 50-3 mandates removal of an action comprising claims for alimony and equitable distribution, both claims must be removed.
 
 See
 
 3 Suzanne Reynolds, Lee's North Carolina Family Law § 12.126 (5th ed. 2002) ("Different statutory provisions on venue apply to equitable distribution depending on the action in which it is asserted. If a spouse raises the claim in an action for alimony or divorce, N.C. Gen.Stat. § 50-3 governs venue.... If a spouse asserts the claim in some other action, N.C. Gen.Stat. § 1-82 governs the action[.]").
 

 This interpretation is bolstered by N.C. Gen.Stat. § 50-3's cross-reference to N.C. Gen.Stat. § 1-87, which instructs that "[w]hen a cause is directed to be removed ...
 
 all
 
 other proceedings shall be had in the county to which the place of trial is changed[.]" N.C. Gen.Stat. § 1-87(a) (2015) (emphasis added). The use of "all" to modify "proceedings" indicates the legislature's intent that the entire cause be removed-not only the cause for alimony or divorce. Moreover, this interpretation is further buttressed
 
 *181
 
 by the inextricable nature of equitable distribution and alimony.
 
 See, e.g.,
 

 Capps v. Capps,
 

 69 N.C.App. 755
 
 , 757,
 
 318 S.E.2d 346
 
 , 348 (1984) (noting "the obvious relationship that exists between the property that one has and his or her need for support and the ability
 
 *33
 
 to furnish it");
 
 see also
 
 N.C. Gen.Stat. § 50-16.3A(a) (2015) (permitting review of an award for alimony after the conclusion of an equitable distribution claim); N.C. Gen.Stat. § 50-20(f) (2015) ("The court shall provide for an equitable distribution without regard to alimony.... After the determination of an equitable distribution, the court, upon request of either party, shall consider whether an order for alimony ... should be modified or vacated[.]"). Although claims for alimony and equitable distribution have the procedural and substantive freedom to be asserted separately and distinctly, when joined and adjudicated together, the claims become inextricably entwined such that each are subject to the mandatory venue provisions of N.C. Gen.Stat. § 50-3.
 

 In the instant case, plaintiff's claims for equitable distribution, alimony, child support, and attorneys' fees were heard and adjudicated together in Orange County District Court and, therefore, all claims are in the same order. Defendant appealed from this order. Plaintiff then moved to Florida. Subsequently, in
 
 Dechkovskaia I,
 
 this Court vacated the 26 July 2012 order as to equitable distribution, upheld the trial court's determination that plaintiff was entitled to alimony, and remanded for the entry of a new equitable distribution order and reconsideration of the alimony amount and term in light of the new equitable distribution order. Defendant then moved under N.C. Gen.Stat. § 50-3 to remove the action to Durham County, his county of residence. Given the mandatory nature of N.C. Gen.Stat. § 50-3, it was error for the trial court to deny defendant's motion to change venue.
 
 See
 

 Gardner,
 

 300 N.C. at 718
 
 ,
 
 268 S.E.2d at 470
 
 . Therefore, we must reverse the order denying defendant's motion to change venue and remand all claims to Durham County District Court.
 

 B. Peculiar Procedural Postures
 

 Plaintiff contends that based on the particular posture of this case, the mandatory provisions of N.C. Gen.Stat. § 50-3 should not apply. Plaintiff asserts the equitable distribution claim should not be removed, as the statute does not mandate removal of an action after trial but before entry of final judgment. Plaintiff further asserts that N.C. Gen.Stat. § 50-3 should not operate to remove an action when an order was appealed, partially upheld and partially vacated, and remanded. We disagree.
 

 The statute unambiguously provides for removal "for trial or for any motion in the cause, either before or after judgment[.]" N.C. Gen.Stat. § 50-3. Removal is required upon proper demand any time after the particular circumstance arises that it describes. Because defendant's
 
 *34
 
 substantial right to venue arose by statute and was asserted prior to the Orange County District Court proceeding on the
 
 Dechkovskaia I
 
 remand, these proceedings ought to have occurred in Durham County District Court. N.C. Gen.Stat. § 1-87 (2015) (requiring "all other proceedings ... be had in the county" of changed venue).
 

 Therefore, we must vacate the Orange County District Court's equitable distribution order and remand to Durham County District Court for the entry of a new equitable distribution order. "We agree with counsel for plaintiff that a more satisfactory answer should be found, but that answer can come only from the Legislature."
 
 Romulus v. Romulus,
 

 216 N.C.App. 28
 
 , 38,
 
 715 S.E.2d 889
 
 , 895 (2011) (quoting
 
 Quick v. Quick,
 

 305 N.C. 446
 
 , 462,
 
 290 S.E.2d 653
 
 , 663-64 (1982) ). Because this Court vacated the equitable distribution order in
 
 Dechkovskaia I,
 
 on remand to Durham County District Court, the equitable distribution hearing must be conducted
 
 de novo.
 

 Alford v. Shaw,
 

 327 N.C. 526
 
 , 543 n. 6,
 
 398 S.E.2d 445
 
 , 455 n. 6 (1990) ("Once the judgment was vacated, no part of it could thereafter be the law of the case."). After entering a new equitable distribution order, the Durham County District Court should follow this Court's mandate in
 
 Dechkovskaia I
 
 as to the alimony award.
 

 It is well settled that "alimony is comprised of two separate inquiries. First is
 
 *182
 
 a determination of whether a spouse is
 
 entitled
 
 to alimony.... [T]he second determination is the
 
 amount
 
 of alimony to be awarded."
 
 Barrett v. Barrett,
 

 140 N.C.App. 369
 
 , 371,
 
 536 S.E.2d 642
 
 , 644 (2000) (citations omitted). Because this Court in
 
 Dechkovskaia I
 
 decided the issue of whether plaintiff is
 
 entitled
 
 to alimony, it is the law of the case.
 
 See
 

 Tennessee-Carolina Transp., Inc. v. Strick Corp.,
 

 286 N.C. 235
 
 , 239,
 
 210 S.E.2d 181
 
 , 183 (1974) (explaining that when an appellate court decides issues necessary to determine the case, it becomes "the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal") (citations omitted). Since this Court in
 
 Dechkovskaia I
 
 remanded the alimony award for the limited purpose of reconsidering its
 
 amount
 
 in light of the new equitable distribution order, the Durham County District Court is so limited. When reconsidering the alimony amount and term, the Durham County District Court "should rely on the existing record to make its finding[s] and conclusions on remand[.]"
 
 Robbins v. Robbins,
 
 --- N.C.App. ----, ----,
 
 770 S.E.2d 723
 
 , 735-36,
 
 disc. review denied,
 
 - -- N.C. ----,
 
 775 S.E.2d 858
 
 (2015) (permitting trial court on remand to rely on existing record to reconsider distribution scheme in a partially reversed equitable distribution order).
 
 *35
 

 IV. Contempt Order
 

 Defendant contends the Orange County District Court erred by holding him in civil contempt for failure to pay alimony and attorneys' fees as required by its 26 July 2012 order. We agree.
 

 "[T]aking an appeal does not authorize a violation of the order."
 
 Joyner v. Joyner,
 

 256 N.C. 588
 
 , 591,
 
 124 S.E.2d 724
 
 , 727 (1962). "If the order from which an appeal is taken is upheld by the appellate court, wilful failure to comply with the order during pendency of the appeal is punishable by contempt on remand."
 
 Quick,
 

 305 N.C. at 461
 
 ,
 
 290 S.E.2d at 663
 
 (citation omitted). Pursuant to N.C. Gen.Stat. § 5A-23(b) (2015), the proper venue for civil contempt proceedings is the county where the order was issued. When a motion for change of venue as a matter of statutory right is made in apt time, "the question of removal then becomes a matter of substantial right, and the court of original venue is without power to proceed further in essential matters until the right of removal is considered and passed upon."
 
 Roberts & Hoge, Inc. v. Moore,
 

 185 N.C. 254
 
 ,
 
 116 S.E. 728
 
 , 729 (1923). In the instant case, the trial court properly considered defendant's motion for change of venue before proceeding on any other issues before it. However, because the trial court failed to remove the cause, we conclude that the trial court could not proceed on its contempt hearing.
 

 A. Validity of Alimony Order Underlying Contempt Order
 

 Plaintiff contends that because the
 
 Dechkovskaia I
 
 Court never vacated the alimony order, the trial court had authority to proceed on the contempt motion before reconsidering the alimony order. We disagree.
 

 It is true that this Court never vacated the alimony order in
 
 Dechkovskaia I.
 
 However, this Court remanded the alimony order for the purpose of reconsidering whether it was equitable in light of the new equitable distribution order.
 

 This Court explained:
 

 [T]his opinion does not dictate that the trial court should or should not change the alimony award on remand; we merely permit the trial court to exercise its discretion on remand to reconsider the alimony amount and term, as the trial court must have the ability to consider the alimony award in light of the new equitable distribution award entered on remand, since they were considered together in the prior trial and order.
 

 Dechkovskaia I,
 
 --- N.C.App. at ----,
 
 754 S.E.2d at 843
 
 .
 

 *36
 
 The trial court's error requiring the vacation of its equitable distribution order, however, resulted in improperly distributing
 
 two houses
 
 to defendant.
 

 Id.
 

 at ----,
 
 754 S.E.2d at 834-35
 
 . Certainly the redistribution of two houses requires, at the very least, a reconsideration of the amount and term of alimony. Until such time as the new equitable distribution order was entered, the trial
 
 *183
 
 court was unable to determine whether the specific amount and term of alimony was equitable. Therefore, we conclude the trial court had no authority to enforce its alimony order by contempt proceedings prior to reconsidering alimony in light of the new equitable distribution order. Furthermore, because defendant asserted his statutory right to change venue before the Orange County District Court proceeded on the equitable distribution remand and subsequently reconsider the alimony amount and term, Orange County District Court never issued a valid alimony order giving it the power to enforce its order by contempt proceedings. Therefore, the order finding defendant in contempt must be vacated.
 

 V. Conclusion
 

 For the foregoing reasons, we reverse the trial court's order denying defendant's motion to change venue, vacate its order finding defendant in civil contempt, and remand to Durham County District Court for the entry of a new equitable distribution order and reconsideration of the amount and term of alimony in light of the new equitable distribution order.
 

 REVERSED IN PART; VACATED IN PART; AND REMANDED.
 

 Judges ELMORE and DILLON concur.