DIETZ, Judge.
 

 *234
 
 Plaintiff Jeanne Southall Scheinert appeals from an order transferring this alimony proceeding from Randolph County to Caswell County under
 
 N.C. Gen. Stat. § 50-3
 
 . As explained below, the trial court's order does not contain sufficient findings to support transfer under Section 50-3, although the record indicates that there is competent evidence to support a transfer. Accordingly, we vacate the trial court's order and remand for the trial court, in its discretion, to enter a new order on the existing record or conduct any further proceedings that the court deems necessary.
 

 Facts and Procedural History
 

 Plaintiff Jeanne Southall Scheinert and Defendant Harry Steven Scheinert married in March 1980 and separated in March 2003. At the
 
 *235
 
 time of separation, both parties lived in North Carolina. After the separation, Ms. Scheinert filed an action for alimony in Randolph
 
 *115
 
 County. The court ordered Mr. Scheinert to pay $3,900.00 per month in alimony to Ms. Scheinert. Ms. Scheinert later moved from North Carolina to Indiana and Mr. Scheinert moved to Caswell County.
 

 On 28 March 2017, Mr. Scheinert filed a motion to transfer the alimony proceeding from Randolph County to Caswell County under
 
 N.C. Gen. Stat. § 50-3
 
 . Section 50-3 provides that in "any action brought under Chapter 50 for alimony or divorce filed in a county where the plaintiff resides but the defendant does not reside, where both parties are residents of the State of North Carolina, and where the plaintiff removes from the State and ceases to be a resident, the action may be removed upon motion of the defendant, for trial or for any motion in the cause, either before or after judgment, to the county in which the defendant resides."
 
 N.C. Gen. Stat. § 50-3
 
 .
 

 After a hearing, the trial court ordered that the matter be transferred to Caswell County under
 
 N.C. Gen. Stat. § 50-3
 
 . Ms. Scheinert timely appealed.
 

 Analysis
 

 I. Sufficiency of the trial court's findings of fact
 

 The central issue in this appeal is whether the trial court's order contains sufficient findings to trigger the transfer provision in
 
 N.C. Gen. Stat. § 50-3
 
 . Our Supreme Court has held that this provision of Section 50-3 "is clearly mandatory. When the particular situation to which it applies is shown to obtain, the trial court has no choice but to order removal upon proper motion by the defendant."
 
 Gardner v. Gardner
 
 ,
 
 300 N.C. 715
 
 , 718,
 
 268 S.E.2d 468
 
 , 470 (1980).
 

 The "particular situation" discussed in
 
 Gardner
 
 , as applicable to this alimony proceeding, is this: (1) at the time the alimony action was brought, both parties resided in North Carolina; (2) at that same time, the plaintiff resided in the county where the action was brought, but the defendant resided in a different county; and (3) the plaintiff has since moved out of the State.
 
 See
 

 N.C. Gen. Stat. § 50-3
 
 .
 

 The parties agree that the first and third criteria are satisfied in this case and that the trial court's order properly found facts supporting those criteria. But they dispute whether the trial court found that Mr. Scheinert resided outside of Randolph County when Ms. Scheinert brought the alimony action.
 

 *236
 
 To be sure, there was at least some competent evidence to support a finding that Mr. Scheinert did not reside in Randolph County when the alimony action commenced. In his verified answer and counterclaim, Mr. Scheinert disputed the allegation that he was a resident of Randolph County and averred that he was a resident of Guilford County. But the only finding addressing this issue in the court's order is the following: "On June 5, 2003, Defendant/Husband filed an Answer and Counterclaim alleging that he was a citizen and resident of Guilford County, North Carolina, as he had moved there recently after the date of separation."
 

 This is not a fact-finding; it is merely a recitation of an allegation in Mr. Scheinert's answer. This Court has repeatedly held that a trial court cannot find facts by merely reciting allegations in the parties' pleadings; instead, the court must make a finding that the allegation is indeed a fact.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 In re Anderson
 
 ,
 
 151 N.C. App. 94
 
 , 97,
 
 564 S.E.2d 599
 
 , 602 (2002) ("As indicated by the word 'alleged,' the findings are not the 'ultimate facts' required by Rule 52(a) to support the trial court's conclusions of law, but rather are mere recitations of allegations."). Thus, we agree with Ms. Scheinert that the trial court's order does not contain sufficient findings to support its conclusion that
 
 N.C. Gen. Stat. § 50-3
 
 required the case to be transferred to Caswell County. Accordingly, as explained below, we remand for further appropriate proceedings in the trial court's discretion.
 

 II. Applicability of
 
 N.C. Gen. Stat. § 50-3
 
 without a separate pending motion
 

 Ms. Scheinert also contends that remand is inappropriate because, as a matter of law,
 
 N.C. Gen. Stat. § 50-3
 
 does not apply in this case. She argues that a defendant may invoke Section 50-3 only if there is some
 
 *116
 
 pending motion or trial date that will be transferred as part of the Section 50-3 order. We disagree.
 

 "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning."
 
 Wilkie v. City of Boiling Spring Lakes
 
 ,
 
 370 N.C. 540
 
 , 547,
 
 809 S.E.2d 853
 
 , 858 (2018). Section 50-3 provides that "the action may be removed upon motion of the defendant, for trial
 
 or for any motion in the cause, either before or after judgment
 
 , to the county in which the defendant resides."
 
 N.C. Gen. Stat. § 50-3
 
 (emphasis added). The phrase "the action may be removed ... for any motion in the cause" is forward-looking-its structure indicates that something will happen now for something to happen later. In other words, the statute requires the transfer so that a motion in the cause may be resolved in the new
 
 *237
 
 county at some future point. Nothing in the text of the statute requires that this underlying motion be pending in order to transfer the matter. All that is required is that there is an ongoing alimony proceeding that has not been finally resolved, and that the statutory criteria to transfer the matter are satisfied.
 

 Indeed, at the hearing on this matter, Mr. Scheinert indicated that "[a]t some point, there will be a motion to modify or motion to terminate the alimony" and that he sought to transfer the action to Caswell County so that this future motion could be decided there. This is precisely what the text of the statute anticipates. Accordingly, we reject this argument.
 

 Conclusion
 

 We vacate and remand this matter for additional fact finding as described in this opinion. On remand, the trial court, in its discretion, may enter a new order based on the existing record, or conduct any additional proceedings that the court finds necessary.
 

 VACATED AND REMANDED.
 

 Judges DILLON and ARROWOOD concur.