IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-186

Filed: 15 December 2020

Wilkes County, No. 19 CVS 184

BROWN OSBORNE and wife, JENNIFER OSBORNE, Plaintiffs,

v.

REDWOOD MOUNTAIN, LLC, Defendant.

Appeal by defendant from order entered 18 October 2019 by Judge Michael D. Duncan in Wilkes County Superior Court. Heard in the Court of Appeals 20 October 2020.

> *Joines & James, P.L.L.C., by Timothy B. Joines and Carmen James, for plaintiffs-appellees.*
>
> *THB Law Group, by Brian W. Tyson, for defendant-appellant.*

ZACHARY, Judge.

Defendant Redwood Mountain, LLC, appeals from an order denying its motion for change of venue. After careful review, we affirm in part and dismiss in part.

## *I. Background*

Plaintiffs Brown and Jennifer Osborne ("the Osbornes") brought this action to establish their right to use a roadway that crosses the property of Defendant Redwood Mountain, LLC ("Redwood") in order to access their property, and to enjoin Redwood from further interfering with their use of the roadway. The Osbornes own land in Wilkes and Alexander Counties; Redwood also owns land in Wilkes and Alexander

Counties, adjacent to the Osbornes'. There is some dispute between the parties as to whether the roadway at issue lies entirely in Wilkes County, or runs through Wilkes and Alexander Counties.

## A.

In 2002, the Osbornes filed suit against Almedia Myers and Darryl and Sharon Little, seeking a declaratory judgment that the Osbornes had "an appurtenant easement and right of way for ingress, egress, and regress over the existing roadway" to the real property that they purchased in 1977 and 1978. The Osbornes then amended their complaint to reflect that (1) the Littles had conveyed their interest in the property to Charles and Blair Craven, who were the current record owners of the portion of the land previously owned by the Littles; and (2) in 2003, the Cravens granted the Osbornes an easement across their property over the existing roadway. On 9 April 2003, the Osbornes filed a voluntary dismissal of the action against the Littles and Cravens, leaving Myers as the sole defendant.

Myers failed to file any responsive pleadings, and on 10 April 2003, the Wilkes County Clerk of Superior Court entered default against her. On 2 September 2003, this matter came on for trial before the Honorable Andy Cromer. The trial court entered judgment (the "2003 Judgment") in favor of the Osbornes, setting forth the metes and bounds description of the easement, and finding in part that the "roadway [wa]s located entirely in Wilkes County, North Carolina."

B.

In June 2018, Redwood purchased real property adjacent to the Osbornes', and erected a gate across the roadway. After that gate was removed, Redwood erected a second gate across the roadway. On 15 February 2019, the Osbornes filed a complaint in Wilkes County Superior Court alleging that Redwood had obstructed their access to the easement provided in the 2003 Judgment. The Osbornes asked that the court enjoin Redwood from interfering with their use of the roadway, and enter "a declaratory judgment that the [Osbornes] have . . . a valid prescriptive easement across the" roadway, or, in the alternative, order that the Osbornes have the right to use the roadway by virtue of a prescriptive easement, and enjoin Redwood from interfering with their use of the roadway.

On 7 May 2019, Redwood filed a motion to change venue pursuant to Rule 12(b)(3) of the North Carolina Rules of Civil Procedure. Specifically, Redwood sought to transfer the case from Wilkes County to Alexander County, where it alleges some portion of the roadway is located, as well as much of Redwood's 81-acre tract. On 7 October 2019, Redwood's motion came on for hearing in Yadkin County Superior Court before the Honorable Michael D. Duncan. By order entered 18 October 2019, the trial court denied Defendant's motion.

Redwood timely filed notice of appeal.

## II. Interlocutory Jurisdiction

Both parties recognize that the instant appeal is interlocutory, as it "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). The "[d]enial of a motion for change of venue as a matter of right under N.C. Gen. Stat. § 1-76, although interlocutory, is directly appealable." *Fox Holdings, Inc. v. Wheatly Oil Co.*, 161 N.C. App. 47, 51, 587 S.E.2d 429, 432 (2003); *accord First S. Sav. Bank v. Tuton*, 114 N.C. App. 805, 807, 443 S.E.2d 345, 346, *disc. review denied*, 338 N.C. 309, 452 S.E.2d 309 (1994); *Pierce v. Associated Rest & Nursing Care, Inc.*, 90 N.C. App. 210, 211, 368 S.E.2d 41, 42 (1988). Accordingly, this appeal is properly before us.

### III. Standard of Review

This Court has articulated a two-step analysis for review of issues of venue. "The first step is determining the proper venue for a case, which is based upon the substantive statute for the particular type of claim. This determination of proper venue under the substantive statute presents a question of law which is reviewed de novo." *Zetino-Cruz v. Benitez-Zetino*, 249 N.C. App. 218, 225, 791 S.E.2d 100, 105 (2016) (italics omitted). The next step is "determining whether a change of venue is appropriate under the procedural statute regarding changes of venue, which in this instance appears to be N.C. Gen. Stat. § 1-83." *Id.*

### IV. Motion to Change Venue

The sole issue on appeal is whether the trial court erred in denying Defendant's motion to change venue pursuant to Rule 12(b)(3) of our Rules of Civil Procedure. Rule 12(b)(3) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . [i]mproper venue or division[.]" N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) (2019).

"Venue" is defined as "the proper or a possible place for a lawsuit to proceed, usually because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." *Stokes v. Stokes*, 371 N.C. 770, 773, 821 S.E.2d 161, 163 (2018) (quoting *Venue*, *Black's Law Dictionary* (10th ed. 2014)). It follows that "[t]he authority . . . to remove a cause instituted in a county which is not the proper one . . . is the power to change the place of trial." *Lovegrove v. Lovegrove*, 237 N.C. 307, 309, 74 S.E.2d 723, 725 (1953) (internal quotation marks omitted).

It has long been understood that venue is regulated by statute. *See Interstate Cooperage Co. v. Eureka Lumber Co.*, 151 N.C. 455, 456, 66 S.E. 434, 435 (1909) ("The venue of civil actions is a matter for legislative regulation, and is not governed by the rules of the common law."). Indeed, for certain causes of action the appropriate venue is designated by statute. *See, e.g.*, N.C. Gen. Stat. § 1-78 ("All actions against executors and administrators in their official capacity, except where otherwise

provided by statute, and all actions upon official bonds must be instituted in the county where the bonds were given, if the principal or any surety on the bond is in the county; if not, then in the plaintiff's county."); *Id.* § 1-81 ("In all actions against railroads the action must be tried either in the county where the cause of action arose or where the plaintiff resided at that time or in some county adjoining that in which the cause of action arose, subject to the power of the court to change the place of trial as provided by statute.").

However, there are specific venue statutes for only a limited number of actions; thus, it is well established that "all civil actions are governed by venue statutes of general application, see N.C. Gen. Stat. §§ 1-82 through 1-84, *unless subject to a venue statute of more specific application.*" *Dechkovskaia v. Dechkovskaia*, 244 N.C. App. 26, 31, 780 S.E.2d 175, 180 (2015) (emphasis added).

N.C. Gen. Stat. § 1-83, which serves as the procedural basis for Redwood's motion to change venue, addresses the trial court's obligation to transfer an action to the proper venue upon timely motion:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.
>
> The court may change the place of trial in the following cases:

> (1) When the county designated for that purpose is not
> the proper one.

N.C. Gen. Stat. § 1-83(1). If the county where the suit is filed is improper, "the trial court does not have discretion, but *must* upon a timely motion and upon appropriate findings transfer the case to the proper venue." *Cheek v. Higgins*, 76 N.C. App. 151, 153, 331 S.E.2d 712, 714 (1985) (emphasis added).

Here, the issue presented involves the Osbornes' access to a roadway easement. Hence, the applicable specific substantive venue provision is N.C. Gen. Stat. § 1-76, which provides:

> Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law:
>
> (1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

N.C. Gen. Stat. § 1-76(1).

After careful review, it is evident that Wilkes County is an appropriate venue for this action. As written, the statute requires that particular real property actions "must be tried in the county in which the subject of the action, or some part thereof, is situated." *Id*. The parties agree that either all or some portion of the roadway lies in Wilkes County, and both parties' properties lie in Wilkes and Alexander Counties. Moreover, the 2003 Judgment, which was attached as Exhibit A to the Osbornes'

complaint, found that the easement was located entirely in Wilkes County. The "subject of the action" is located in Wilkes County, at least in part.

Redwood cites *Rose's Stores, Inc. v. Tarrytown Center* for the principle that "[w]hen the title to real estate may be affected by an action, this Court has consistently held the action to be local and removable to the county where the land is situate by proper motion made in apt time." 270 N.C. 201, 203, 154 S.E.2d 320, 321 (1967). Redwood acknowledges in its brief that the instant action "directly affects [its] title to the [p]roperty in its entirety."

However, title to the real property *in Wilkes County* will also be affected by the outcome of this case. N.C. Gen. Stat. § 1-76(1) does not provide that proper venue lies in the county containing more of the subject real property, only that the case "be tried in the county in which the [real property which is] the subject of the action, *or some part thereof*, is situated[.]" (Emphasis added). Wilkes County is a proper county for trial of this action. Accordingly, we affirm the trial court's denial of Redwood's motion.

### V. Res Judicata and Collateral Estoppel

Redwood next posits that "[i]n addition to the other arguments as outlined within this brief, . . . the [Osbornes'] action and Complaint are barred in Wilkes County based on the doctrines of res judicata and collateral estoppel by judgment."

However, "[a] contention not raised in the trial court may not be raised for the first time on appeal." *Creasman v. Creasman*, 152 N.C. App. 119, 123, 566 S.E.2d 725,

728 (2002); *see also Rheinberg-Kellerei GMBH v. Vineyard Wine Co.*, 53 N.C. App. 560, 566, 281 S.E.2d 425, 429 ("This issue was not presented in the pleadings nor does the record reveal that the issue was raised at trial. [The p]laintiff cannot now present this theory on appeal."), *disc. review denied*, 304 N.C. 588, 289 S.E.2d 564 (1981).

Here, Redwood did not raise its contentions regarding res judicata and collateral estoppel at the trial level, and they cannot be presented for the first time on appeal. Because the trial court has not had an opportunity to rule on these arguments, they are not properly before us, and we dismiss this portion of Redwood's appeal.

### VI. Conclusion

"While a party has a right to a legally proper venue, a party does not have a right to a preferred venue." *Stokes*, 371 N.C. at 774, 821 S.E.2d at 164. Pursuant to N.C. Gen. Stat. § 1-76(1), the Osbornes filed the instant action in a proper county. Accordingly, we affirm the trial court's order denying Redwood's motion for change of venue.

Redwood raises its arguments regarding res judicata and collateral estoppel for the first time on appeal, and thus we dismiss that portion of its appeal.

AFFIRMED IN PART; DISMISSED IN PART.

Judges MURPHY and COLLINS concur.